### 11046.   LIGHTFOOT *et al. v.* KING *et al.*

1. Because of indefiniteness and uncertainty in the terms of payment, no binding contract was made in a written agreement for the purchase of property to be paid for as follows: "$2,000 cash and the balance of $1,300 in monthly payments," the amounts, the number, or the times of the monthly payments not being indicated therein.   There being no contract or purchase, the agents named in the writing, with whom a certain sum of money was deposited by the intending purchasers, as "part of the named purchase-money to bind the trade," had no legal right to retain it, either under the terms of the alleged contract or for services leading up to the same.

2. An action for the recovery of the amount of the deposit, by the parties from whom the agents received it, could properly be brought against the agents instead of against the principal, to whom it had not been paid over.

3. The court did not err in directing a verdict in favor of the plaintiffs.

DECIDED MARCH 11, 1920.

Certiorari; from Fulton superior court — Judge Pendleton.   October 14, 1919.

*Robert C. & Philip H. Alston, Blair Foster,* for plaintiff in error, cited: As to contract: Hanan *v.* McNicol, 82 Calif. 122 (23 Pac. 272) ; 39 Cyc. 1336; (time of payment where not fixed) *Chandler* v. *Chandler,* 62 *Ga.* 612; *Poole* v. *Trimble,* 102 *Ga.* 773; *Crawford* v. *Williford,* 145 *Ga.* 550 (distinguished).   As to action against agent: *McDonald* v. *Napier,* 14 *Ga.* 89 (2), 95-7, 99; 2 Corpus Juris, 821, sec. 495; Park's Code, § 3608; Simmons *v.* Long, 23 L. R. A. (N. S.) 553, 554, and cit.; Tripple *v.* Littlefield, 45 Wash. 156 (89 Pac. 493) ; Bogart *v.* Crosby, 80 Calif. 195 (22 Pac. 84) ; Levine *v.* Field, 114 N. Y. Supp. 819; Fisher *v.* Meeker, 103 N. Y. Supp. 261; *Rogers v. Durrence,* 10 *Ga. App.* 657 (distinguished) ; *Great Southern Accident &c. Co.* v. *Guthrie,* 13 *Ga. App.* 288 (4), 290 (distinguished).

*Weltner & Cheatham,* contra, cited: As to contract: *Crawford* v. *Williford,* supra.   As to action against agent: *Rogers* v. *Durrence,* supra; *Great Southern Accident &c. Co.* v. *Guthrie,* supra;

*Buchanan* v. *McClain,* 110 *Ga.* 480; *Rhodes* v. *Jenkins,* 2 *Ga. App.* 475 (1); Clark & Skyles, Agency, sec. 519 G; Mechem, Agency, sec. 1445, and cases cited; *McDonald* v. *Napier,* supra (distinguished); Burroughs *v.* Skinner, 5 Burr. 2639.

SMITH, J.    P. G. King and Louie Economy brought suit against T. J. and W. R. Lightfoot, a partnership doing business under the name of "Lightfoot Business Opportunities," to recover $170, alleging in their petition that they had entered into a contract with the defendants, agreeing to purchase through them a certain named soda-water business, and deposited with the defendants the above amount as earnest money, which was to be paid to the defendants as a commission in the event that through any fault of the plaintiffs the trade should not be completed. It was also agreed that the trade was to be made on term of "$2,000 cash and the balance of $1,300 in monthly payments." The trade was never consummated, because the plaintiffs and the defendants' principal could not agree on the amount to be paid monthly. The defendants refused, on demand, to refund the $170 deposit and this suit was brought to recover it. The trial judge directed a verdict in favor of the plaintiffs.

1. Although the amount of the cash payment agreed upon in the contract is a definite, certain amount, the terms of the payment of the balance of the purchase-price are indefinite and uncertain, since the writing fails to indicate the amount, number, or time of such deferred payments. For these reasons the writing was not a contract, and imposed no rights or liabilities, and therefore the defendants had no legal right to retain the deposit, either under the terms of the alleged contract or for services leading up to the same.

2. "Payment to an authorized agent is in law payment to his principal, and if the money ought in equity and good conscience to be returned, an action for money had and received may be maintained, at the option of the owner · of the money, against either the agent or the principal or both, if the agent failed to pay over the money to his principal." *Great Southern Accident &c. Co.* v. *Guthrie,* 13 *Ga. App.* 288 (4) (79 S. E. 162). There is therefore no merit in the contention that this suit could not proceed against the defendants, but should have proceeded against their principal. The evidence is clear that the principal never

received the money in dispute, and that the defendants did receive it and refused to refund it to the plaintiffs.

3. The trial judge properly directed a verdict for the plaintiffs, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*