### 43844.   ALEXANDER v. WOOD.

WHITMAN, Judge.   1.   A contract to purchase realty which specifies, as here, that the purchase price is to be paid "on conventional type loan 3¾%; purchaser to pay closing costs" is too vague, indefinite and uncertain to be enforceable. *Hicks v. Stucki,* 109 Ga. App. 723 (1) (137 SE2d 399); *Scarborough v. Novak,* 92 Ga. App. 488 (88 SE2d 800); *Stanaland v. Stephens,* 78 Ga. App. 68 (2) (50 SE2d 258).

Accordingly, the trial court did not err in directing a verdict for the plaintiff, the intended purchaser, in an action to recover earnest money paid to the defendant real estate broker, where it was shown by the evidence that the defendant had received the earnest money sued for and that no sale of the described property had ever been consummated.

2. It was shown by the defendant that the plaintiff has been in possession of the property.   Defendant cites cases holding: (1) That a purchaser cannot defend against a suit by the seller for past due payments of the purchase price by contending the contract is unenforceable where the purchaser has gone into and retained possession; and (2) that one treating a contract for sale of land as rescinded and seeking to recover purchase money paid must account for the value of the use of the land while he was in possession.   The defendant's reliance on these cases is misplaced as they involved suits between buyers and sellers and have no application here.

3. There was no error, as defendant contends there was, in excluding evidence of the rental value of the property.   Defendant insisted below that he was entitled to deduct a commission

from the earnest money and turn the balance over to the seller as rent due from the plaintiff. Any issue of whether any rental is owed, if there is an issue, is one between the owner and plaintiff only.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED SEPTEMBER 3, 1968—DECIDED MARCH 10, 1969.

*Claude E. Hambrick,* for appellant.
*Edward D. Wheeler,* for appellee.