## 44927. BRADY v. POULOS.

PANNELL, Judge. James N. Poulos brought an action against Margaret M. Brady doing business as Margaret Brady Realty Company seeking to recover $500 deposited as earnest money in a certain purported contract for sale of realty attached to the petition, alleging that the contract lacked mutuality and that the sale was not consummated and that demand for payment had been refused. The defendant ad-

mitted the payment of the earnest money but denied the other material allegations of the petition and by way of cross action sought recovery of commissions in the sum of $1,017 because of the following provisions of the purported contract: "Purchaser agrees that if he fails or refuses to consummate the transaction for any reason, except lack of marketable title in seller, purchaser shall pay broker full real estate commission, hereinafter provided. . ." The material allegations of the cross action were denied by the plaintiff. Apparently, the matter was submitted to the trial judge for decision without the intervention of a jury as the next thing that appears in the record is an order of the trial judge reciting: "Stipulation between the parties that the contract attached to the complaint is offered and admitted into evidence without objection." The trial judge then held that the purported contract lacked mutuality and was unilateral, and rendered judgment for the plaintiff. It does not appear that any evidence other than the contract was offered or admitted or considered. *Held:*

1. The contract in the present case could be closed only "following notification from mortgage company." The contract provided "the purchase price of said property shall be: sixteen thousand nine hundred fifty and no/100 dollars to be paid as follows: cash on closing $750, purchaser to secure F. H. A. loan in amount of $16,200, purchaser to pay loan closing costs." While there is no express language stating that the closing of the transaction is contingent upon the purchaser securing the F. H. A. loan and for that reason the facts in the cases of *Wehunt v. Pritchett,* 208 Ga. 441 (67 SE2d 233) and *F. & C. Investment Co. v. Jones,* 210 Ga. 635 (81 SE2d 828) may be different in that respect; nevertheless, the closing of the sale, or the performance of the contract, in the present case cannot occur until notification from the mortgage company, an event which may or may not occur depending upon whether or not an F. H. A. loan is available to the purchaser, and the contingency still exists although relating to a different element of the loan transaction, therefore, the rationale of those cases still applies, and the contract lacks mutuality. Accordingly, the trial judge did not err in rendering judgment in favor of the plaintiff purchaser for the recovery of his earnest money.

2. While the alleged demand and refusal to refund the earnest money was not proven, this is immaterial, as no interest was included in the judgment, and demand and refusal is not a necessary ingredient in a cause of action for money had and received. See in this connection *Bank of Oglethorpe v. Brooks,* 33 Ga. App. 84 (6) (125 SE 600) ; *Jasper School District v. Gormley,* 57 Ga. App. 537, 544 (196 SE 232) ; *Bass v. Cates,* 74 Ga. App. 363, 369 (39 SE2d 550) ; *Dell v. Kugel,* 99 Ga. App. 551, 562 (109 SE2d 532).

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*

ARGUED JANUARY 8, 1970—DECIDED JANUARY 20, 1970.

*Herbert Johnson, Allen J. Hammer,* for appellant.
*Hugh H. Howell, Jr., Bernard J. Rapkin,* for appellee.