THOMAS A. SMITH *et al.*, Plaintiffs-Appellees, *v.* ROBERT A. VERNON *et al.*, Defendants-Appellants.

(No. 55581;

First District—June 30, 1972.

*Rehearing denied August 1, 1972.*

Suth & Peters, of Chicago, for appellants.

Edmund G. Urban, of Oak Forest, (John A. Jurus, of counsel,) for appellees.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs sued to recover $2,650 earnest money deposit made by them to defendants on a contract, dated April 16, 1969, for the sale of real estate. The trial court entered judgment in plaintiffs' favor. This appeal is taken from that order. Although the contract was not made a part of the record, the briefs of the parties clearly show that the contract called for plaintiffs to buy defendants' residence for $26,500 against which they deposited 10% or $2,650. It is undisputed that the agreement contained the following provision:

"Balance to be paid as follows: in full at date of closing, subject to purchasers' ability to secure a first mortgage."

The evidence discloses that plaintiffs contacted four different lending

institutions to secure financing and received negative responses from three of them. The fourth, Talman Federal Savings and Loan Association, examined the property and subsequently offered to make a mortgage. Plaintiffs did not accept this offer because they felt that the down payment Talman would require (about $11,000) was too large.

Plaintiffs then informed the defendants' attorney that they had been unable to obtain a mortgage, but did not indicate that they wished to go no further with the deal. Accordingly, the attorney made arrangements for plaintiffs to apply for financing at Messenger Loan Company. Plaintiffs did not apply for a loan from the Messenger Company. The reason given at trial by Thomas Smith for this failure to apply was stated as follows:

"Well I was working and I had tried four banks and had been turned down. I did not think I could afford it."

Finally, in June of 1969, defendants informed plaintiffs in writing that they considered the contract breached and terminated for failure to proceed to closing and retained plaintiffs' deposit, pursuant to the contract, as damages. Plaintiffs then brought this action to set aside the contract and for the return of the earnest money deposit.

*Opinion*

■■ Defendants maintain that the contract is sufficiently certain in its terms and capable of enforcement. Plaintiffs counter this contention by arguing that the wording of the contingency clause renders the contract void because it is uncertain and indefinite. A reasonable interpretation of the clause does not support a claim that it is ambiguous. An interpretation that gives a reasonable and effective meaning to all manifestations of intent by the parties is to be supported as opposed to an interpretation which leaves such manifestations ineffective. Further, any particular interpretation that only one of the parties may have envisioned at the time the contract was executed is immaterial. Reading this clause within the four corners of the contract, we cannot agree that any ambiguity exists. See *Clark v. Mallory* (1900), 185 Ill. 227, 232, 56 N.E. 1099, 1100-1101; *Holmes v. Bemis* (1888), 124 Ill. 453, 456, 17 N.E. 42, 42-43.

● 3 It is urged by plaintiffs that there would have been no controversy if the terms of the mortgage pertaining to a specified sum, interest rate and down payment had been set forth. We do not dispute the fact that it is desirable for the protection of both parties to include such terms in contingency clauses involving a mortgage. In such a way, the seller is protected where, for example, the buyer makes only a token effort to secure a loan if he decides he does not want to go through with the deal. The buyer is likewise protected from being forced to accept financing at

inflated interest rates. However, we cannot conclude that the omission of such details is fatal to the validity of the contract.

██ When details as to specific types or methods of financing are omitted, the clause must be interpreted as requiring that the terms of any offered mortgage be reasonable. Otherwise the buyer is not required to accept it. This requirement of reasonableness is not a subjective standard to be applied to a sole buyer. Rather, reasonableness is to be determined and interpreted by the court according to business practice and custom in the place where the contract is to be performed. This contract was predicated on the procurement of a first mortgage. Plaintiffs admitted that Talman Federal Savings offered to make a first mortgage on the property in question. Although it was alleged that the down payment required by Talman was too high, plaintiffs' position consisted simply of the flat statement that it was too high, unsupported by any explanatory evidence whatsoever and thus they failed to affirmatively demonstrate that this mortgage offer was unreasonable according to the standard set out above. Accordingly, the trial court erred in finding for plaintiffs.

██ Another phrase in the contingency clause requires examination for the disposition of this case. As stated above, the clause read "subject to purchasers ability to secure a first mortgage." In our opinion, the words "ability to" are of special significance. If these words had been deleted from the contract, the clause would have read "subject to purchasers securing a first mortgage." In this event, it would be clear that the contingency clause could have only been satisfied by the actual procurement of a first mortgage. However, the inclusion of the word "ability" operates, in our opinion, as a modification of any absolute requirement to secure a mortgage. Since the interpretation of the contract would be entirely different if the word "ability" had been deleted, the contract must be interpreted as if the word is intended as a modifier of the clause.

██ Where the language of a contract is unambiguous, the legal effect of the instrument must be enforced as written. There is a general rule of contract law which states that words used in a contract, unless clearly used in a technical or peculiar sense, are to be construed in their ordinary lay meanings. The question then becomes whether plaintiffs had the "ability" to secure a first mortgage. After carefully examining the record before us, we cannot conclude that plaintiffs lacked an ability to secure a mortgage. One potential lender, Talman Federal, offered to make a loan on the premises. Defendants also arranged a loan interview with a company known to deal in types of property similar to the residence in question. Plaintiffs did not attempt to contact this company. Even in the case of three banks that refused financing, it is not shown

that plaintiffs were turned down because of their financial position or credit rating. Two of these banks merely said that money was tight for them at the particular time in question. In view of these occurrences, we find that plaintiffs failed to affirmatively prove that they were not able to live up to the terms of the contract.

The absence of proof of a reasonable effort to procure a mortgage, coupled with plaintiffs' failure to show that the offer of a first mortgage from Talman Savings was unreasonable, entitles the defendants to a forfeiture of the earnest money according to the terms of the contract. Accordingly, the judgment of the trial court is reversed and the cause remanded with directions to enter judgment in favor of defendants.

Reversed and remanded, with directions.

DRUCKER and ENGLISH, JJ., concur.