### 47924. KENIMER v. THOMPSON.

DEEN, Judge. 1. To make an obligation concerning the sale of land binding on the promissor, the promise must be in writing and signed by the person to be charged. Code § 20-401 (4). Full payment of the purchase price, or part payment accompanied by possession, validates an oral contract of sale (Code § 37-802), and so does "such part performance of the contract as would render it a fraud on the party refusing to comply if the court did not compel a performance" (Code § 20-402 (3)) but a part payment of the purchase price unaccompanied by possession or valuable improvements does not. *Pierce v. Rush,* 210 Ga. 718, 721 (82 SE2d 649); *Corbin v. Durden,* 126 Ga. 429, 431 (55 SE 30).

2. A check for $1,000 made out by the plaintiff to the defendant, bearing only the notation "Lot 100 Earnest Money" is obviously not a contract for the sale of land; among other reasons, "lot 100" utterly fails to define the subject matter of the transaction. *Rush v. Autry,* 210 Ga. 732 (2) (82 SE2d 866). The Uniform Commercial Code (in particular Code Ann. § 109A-2—201) and *Jinright v. Russell,* 123 Ga. App. 706 (182 SE2d 328) based thereon are without applicability, since the subject matter of the sale in that case was personalty (a business, good will, fixtures and a stock of goods) and not, as here, real estate.

3. "Unless all the terms and conditions are agreed on, and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect . . . An agreement to reach an agreement is a contradiction in terms and imposes no obligation on the parties thereto." *Wells v. H. W. Lay & Co.,* 78 Ga. App. 364, 367 (50 SE2d 755), and cit.

4. The facts of this case as urged by the appellant are as

follows: He and his brother owned certain property; he and Mrs. Thompson orally agreed that she would purchase it at a price of either $37,900 or $37,090, contingent upon Mrs. Thompson and her husband being able to secure a loan for $30,100. The check for $1,000 marked "For lot 100 earnest money" was given to bind the agreement, was to be returned if the Thompsons could not obtain the loan, and was otherwise to be applied toward the purchase price of the property. Nothing except the check itself was in writing. The parties among themselves understood what property was indicated by the notation "lot 100." There was no attempt to transfer possession. Mrs. Thompson then informed Kenimer that she had changed her mind and did not wish to buy the property and, upon his refusal to return the $1,000 to her, brought this action for its recovery.

(a) Kenimer's defense that the plaintiff is not entitled to the return of the $1,000 could prevail only on the basis that Mrs. Thompson was legally obligated to attempt to "secure a loan for $30,100." No legal obligation to attempt to procure the loan rested on her for two reasons. In the first place, the loan commitment was merely one of the terms of the parol contract to purchase and sell real estate, which is itself unenforceable as within the Statute of Frauds. Secondly, even if the contract as stated had been in writing it would not have been enforceable. *Cole v. Cutler,* 96 Ga. App. 891 (1) (102 SE2d 82) cites many cases in holding that a written contract of sale stating the purchase price and the condition "purchaser to secure a first loan on said property in the sum of at least $12,500," no other details being specified, is void. "It has been universally held that such a stipulation is too indefinite to be enforceable, and the vendee may elect to rescind the contract and recover the earnest money paid under the purported contract to the agent

of the vendor." Id., p. 892. See also *Morgan v. Hemphill,* 214 Ga. 555 (105 SE2d 580); *Garner v. Brown,* 120 Ga. App. 501, 502 (171 SE2d 391); *Moog v. Palmour,* 115 Ga. App. 602, 603 (155 SE2d 692); *Hicks v. Stucki,* 109 Ga. App. 723, 724 (137 SE2d 399).

(b) None of the cases cited by the appellant leads to a different conclusion. *Hart v. Doss Rubber &c. Co.,* 32 Ga. App. 314 (123 SE 751) deals with an employment contract. *Terrell v. Harris,* 42 Ga. App. 760 (157 SE 387) concerns payment of a finder's fee to one not the owner for services in locating land. *Mason v. Blayton,* 119 Ga. App. 203 (166 SE2d 601) deals with a check covering rental payments on personalty. In *Clover Realty Co. v. McLeod,* 124 Ga. App. 160 (183 SE2d 33) and *Barto v. Hicks,* 124 Ga. App. 472 (184 SE2d 188) the real estate contract was in writing and specified in detail the terms and conditions of the proposed loan upon which the transaction was made contingent.

The contract urged here is totally void because subject to the statute of frauds and because, even if in writing, it would have been too vague and indefinite to be enforceable. The plaintiff was accordingly entitled to the return of the money represented by her earnest money check, and the trial court did not err in entering summary judgment in her favor.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED FEBRUARY 6, 1973 — DECIDED FEBRUARY 19, 1973.

*Hammond Johnson, Jr., Michael Casper,* for appellant.
*Brannon, Brannon & Thompson, Robert B. Thompson,* for appellee.