## 28681. CLAIRMONT DEVELOPMENT COMPANY v. HIGHLANDS FOREST, INC. et al.

GUNTER, Justice.

This is an interlocutory, certified appeal from a judgment that denied defendant-appellant's motion for summary judgment. The plaintiffs-appellees brought suit in the trial court for specific performance, or damages in the alternative, of a contract for the sale and purchase of real estate. The appellees will be referred to as purchasers, and the appellant will be referred to as seller.

The parties entered into a contract for the purchase and sale of real estate on April 2, 1973. On May 11, 1973, the purchasers filed their action against the seller and contended that all conditions precedent to the closing of the transaction pursuant to the contract had been met, and that the seller refused to convey the realty. The seller filed responsive pleadings contending that the contract was unenforceable in that the terms of the contract were vague, indefinite, uncertain, and lacking in mutuality. The seller further alleged that, assuming but not admitting the validity of the contract, the purchasers had not met all conditions precedent to closing the transaction, and the contract terminated on May 9, 1973. Considerable pre-trial discovery then followed, and the seller made a motion for summary judgment. On November 29, 1973, the trial judge entered a judgment denying the seller's motion for summary judgment. The net result of the trial judge's ruling was that the contract was legally enforceable and that whether all conditions precedent to closing the transaction had been met by the purchasers, and whether there had been a breach of the contract by the purchasers resulting in the termination,

were questions of fact that could not be resolved by summary judgment.

We agree with the trial judge and affirm the judgment below.

Appellant strenuously argues that Items 5 and 23 of the special stipulations to the sales contract make the contract void and unenforceable. Item 5 is as follows: "5. . . . The terms of the note evidencing said loan and the security deed securing same will be no more burdensome to the mortgagor than the forms of same now being used by Lawyer's Title Insurance Corporation in Atlanta, Georgia . . ." Item 23 is as follows: "23. Subject to confirmation in writing from proper authorities regard to utilities, zoning and taxes."

In the context of the entire contract we hold, as the trial judge did, that these two items do not make the contract unenforceable.

With respect to the issues of tender by the purchasers and whether there was a termination of the contract as contended by the seller, this record shows that these were fact issues that are not determinable on a motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 12, 1974 — DECIDED JULY 16, 1974.

*Gershon, Ruden, Pindar & Olim, Max Olim, George A. Pindar,* for appellant.

*Stokes, Boyd & Shapiro, George V. Boyd, Herman J. Fussell,* for appellees.