Nonetheless, although the defendant's attorney was not present when plaintiff began his case at 1:00 p.m., the fact remains that he was present at the conclusion of plaintiff's presentation, and despite his presence a directed verdict for plaintiff was entered without giving him an opportunity to make such presentation as he was prepared at that time to make for defendant. We conclude that the trial court did not properly exercise its discretion in ordering the directed verdict to be entered under those circumstances, and, consequently, abused its discretion in denying the new trial motion made upon that ground. See Code § 70-208. We intimate no view on the separate, independent question, not before us, of whether the trial court might properly have held defendant's attorney in contempt; the issue of the directed verdict concerns substantial rights of the litigant herself; a contempt issue would concern only the attorney.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 28, 1974 — DECIDED SEPTEMBER 4, 1974.

*Schwall & Heuett, Stanley M. Lefco,* for appellant. *Guy B. Scott, Jr.,* for appellee.

28995. WARREN et al. v. CAMP et al.

NICHOLS, Presiding Justice.

George Camp, Jr. and Arvilla Camp entered into a contract to sell described real estate to James W. Warren and Betty Walls Warren. The purchasers entered into possession of such real estate under an agreement, a part of the sales contract, at a stated monthly rental. When the time arrived for the "closing" of the sales contract the

purchasers refused to purchase the described real estate. Thereafter the present action was filed seeking a decree for specific performance of a contract, or in the alternative, damages for failure to perform under such contract. One of the purchasers' defenses is that the complaint, and the attached exhibit, shows on its face the contract is lacking in mutuality and is too vague, indefinite and uncertain to be enforced. Thereafter the purchasers filed a motion for judgment on the pleadings which motion was denied. A certificate of immediate review was granted and the present appeal filed. The sole enumeration of error contends that the trial court erred in denying defendants' motion for judgment on the pleadings.

1. While actions for specific performance by vendors are not often filed such actions are permitted. See Code § 37-806. "The vendor has his election between specific performance and damages . . . In order to entitle one to recover damages in lieu of specific performance, the complainant must prove his right to the latter remedy. . . Specific performance and damages are not inconsistent remedies and may be pursued in the same action." *Loewus v. Eskridge & Downing,* 175 Ga. 456, 460 (165 SE 576). See also *F & C Investment Co. v. Jones,* 210 Ga. 635 (81 SE2d 828).

2. The contentions of the defendants that such contract lacks mutuality is based on the following provisions of such sales contract: "This contract is contingent upon purchasers being able to obtain financing at the going interest rate for $20,000 of said purchase price. Should purchasers be unable to obtain, after diligent effort, financing in said amount, this contract shall be null and void and purchasers shall forfeit the earnest money to sellers."

Contracts which lack mutuality at the time that they are executed because some contingency named therein has not yet occurred fall into at least two categories (1) where the contingency may or may not occur solely in the discretion of one of the parties (see *F & C Investment Co. v. Jones,* 210 Ga. 635, supra), and (2) Where the contract is contingent upon a future event but where the party is obligated to diligently seek to have

such contingency take place (*Barto v. Hicks,* 124 Ga. App. 472 (184 SE2d 188)).

The case sub judice falls into the second category, since it requires the diligent effort of the purchasers to obtain a loan in the amount of $20,000.

The complaint alleges that the defendants sought and obtained approval of a loan for a part of the purchase price. If the loan approved was in accordance with the defendants' request, this together with the defendants going into possession of the realty would render immaterial any indefiniteness in specifications contained in the contract relative to the loan to be obtained. Compare *Blanton v. Williams,* 209 Ga. 16 (70 SE2d 461).

The allegations of the complaint, when read with the contract attached thereto as an exhibit, do not show that at the time the action was filed the contract lacked mutuality. Accordingly, the judgment of the trial court refusing to grant the defendants a judgment on the pleadings was not error.

*Judgment affirmed. All the Justices concur.*

Submitted June 28, 1974 — Decided September 4, 1974.

*Adams, Ellard & Frankum, Stephen D. Frankum,* for appellants.

*Linton K. Crawford,* for appellees.