## 50431. POTTS v. SMITH.

CLARK, Judge.

"The books are literally full of such cases." That frequently used expression refers to the many adjudications dealing with real estate sales contracts drafted by laymen containing contingency clauses as to financing arrangements. In this appeal we are called upon to decide the validity of a so-called "special stipulation" in haec verba: "This contract is contingent an[d] subject to the purchaser being able to refinance the loan in the amount of $200,000 that is presently held by Cameron and Brown Mortgage Company."

Smith as the proposed buyer sued Potts, the realtor, for return of a $10,000 binder deposit. Although the complaint alleges plaintiff's inability to obtain the re-financing, the gravamen of the action is pleaded to be that "Said document, which purported to be a real estate sales contract, is null and void because it is too vague and indefinite to be enforced" by reason of the special stipulation.

The real estate broker has appealed from a summary judgment granted Smith for his $10,000 binder.

1. We agree with the trial court's view expressed in these words: ". . . [T]he Court is of the opinion that the case of *Williams v. Gottlieb,* 90 Ga. App. 438 (83 SE2d 245) is controlling in the within case and especially as to Stipulation 8 of the Sales Agreement. That said stip-ulation makes the contract too indefinite to be en-forceable and that the vendee thereunder may elect not

to perform and recover his earnest money."

"It has been universally held that such a stipulation is too indefinite to be enforceable, and the vendee may elect to rescind the contract and recover the earnest money paid under the purported contract to the agent of the vendor." *Cole v. Cutler,* 96 Ga. App. 891 (102 SE2d 82) and citations therein. See *Bonner v. Jordan,* 218 Ga. 129 (126 SE2d 613); compare *Barto v. Hicks,* 124 Ga. App. 472, 473 (2) (184 SE2d 188); and see *Clover Realty Co. v. McLeod,* 124 Ga. App. 160 (183 SE2d 33) wherein this court noted that "A sale contract may be drawn contingent upon the availability to the purchaser of a mortgage loan, provided the subject matter, terms, interest and time are set out with sufficient specificity."

2. Appellant contends that a genuine issue of material fact exists in that prior to the repudiation Smith had notified him that he had obtained a loan commitment and set a closing date for the transaction. Such contention is without merit. See *Scott v. Lewis,* 122 Ga. App. 195 (144 SE2d 460) where this court ruled that a buyer was not estopped from rescinding a similar contingency contract despite numerous reaffirmations of intent to proceed with its terms which had caused seller to make expenditures for perfecting title, moving the seller's family, and purchasing another home. In that case at page 197 our late beloved brother, Judge Eberhardt, with his aptness for appropriate apothegms[1] expressed the situation in this aphorism: "If the parties to a transaction do not create binding agreements, the courts are powerless to do it for them, or to afford a remedy for a breach." See also *Thomas v. Harris,* 127 Ga. App. 361 (193 SE2d 260).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED MARCH 11, 1975 — DECIDED APRIL 16, 1975 — REHEARING DENIED MAY 9, 1975 — 

---

[1]In addition to an alliteration addiction, the writer has been accused of being lexiphanic (using pretentious words).

*Davis & Stringer, Robert H. Stringer,* for appellant.
*Coggin, Haddon, Stuckey & Thompson, William C. Haddon,* for appellee.