49972. ALODEX CORPORATION v. BRAWNER et al.

BELL, Chief Judge.

Plaintiff brought suit for the recovery of the $5,000 earnest money paid to defendants under a contract for sale of real estate. The contract, which was attached to the complaint, provided in a special stipulation: "It is hereby understood that the $5,000.00 earnest money described herein will be refunded to Purchaser if suitable financing cannot be arranged sixty days prior to the closing date of January 10, 1972, in which event the above contract will become null and void. Should Purchaser not comply with the terms of this contract after obtaining suitable financing, the above described earnest money shall be forfeited to the Seller as full liquidated damages and Purchaser shall have no further obligation to Seller under this contract." The complaint alleged that plaintiff could not obtain suitable financing within the specified time frame; that plaintiff demanded the return of the earnest money, which demand had been refused by defendants.

Defendants, while admitting the written contract alleged that the plaintiff through its agent entered into an oral novation which superseded the written agreement and which provided that in addition to the $5,000 the plaintiff would pay to the defendants an additional sum of $2,000 as earnest money for an extension of time to close the transaction and that all the special stipulations in the written contract would be disregarded. The defendants also counterclaimed for the additional $2,000 earnest money which had not been paid. Plaintiff's motion for summary judgment as to its claim and the counterclaim was denied. The trial court certified the denial for review. *Held:*

1. We need not reach other questions presented for the contract is null and void as it is lacking in mutuality.

The condition "obtaining suitable financing" made the contract contingent upon an event which may or may not happen at the pleasure of the buyer. Until that contingency had occurred no obligation arose. *F & C Investment Co. v. Jones,* 210 Ga. 635 (81 SE2d 828); *McLendon v. McCarthy,* 125 Ga. App. 76 (186 SE2d 452).

2. The defendants in their counterclaim rely on the alleged subsequent oral agreement. However, a contract for the sale of land, to be enforceable, must be in writing unless the case falls within an exception to the Statute of Frauds. Code §§ 20-401, 20-402. The defendants contend that they have partially performed the oral contract by withholding the property off the market which takes the contract out of the Statute of Frauds. Code § 20-402 (3). This has no merit. Mere non-action is not performance, either partial or complete, and will not, therefore, take a parol contract out of the Statute of Frauds. *Augusta So. R. Co. v. Smith & Kilby Co.,* 106 Ga. 864 (2) (33 SE 28). While an oral contract within the Statute of Frauds may be taken out by part performance where one party performs some act essential to the performance which results in loss to him and benefit to the other, the mere fact that one party attempts performance which results in no loss to one or benefit to the other is not sufficient to take the contract out of the statute. *Yarborough v. Hi-Flier Mfg. Co.,* 63 Ga. App. 725 (2) (12 SE2d 133). There is no evidence or suggestion that the defendants occasioned a loss as the result of their performance in holding the property off the market or benefited plaintiff. Thus, the parol contract is unenforceable. Plaintiff has shown it is entitled to judgment as a matter of law on its claim and on the counterclaim. We reverse with direction to grant the plaintiff's motion for summary judgment.

*Judgment reversed with direction. Webb and Marshall, JJ., concur.*

ARGUED JANUARY 6, 1975 — DECIDED
APRIL 24, 1975.

*McHaney & Lynn, Robert L. McHaney, Jr.,* for appellant.

*James, Johnson & Pitts, Robert J. James,* for appellees.