Frederick M. SOLBERG, Jr. and Elizabeth T. Solberg, Respondents,

v.

Patricia Lenore KANE, Appellant.

No. KCD 27089.

Missouri Court of Appeals,
Kansas City District.

May 3, 1976.

Thomas J. Cox, Jr., Shirkey & Cox, Kansas City, for appellant.

Donald G. Stubbs, Steven J. Borel, Stubbs, Epstein & Mann, Kansas City, for respondents.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM.

Plaintiffs, hereinafter referred to as buyers, brought suit against defendant, hereinafter referred to as seller, for specific performance of a contract for the sale of certain real property. Seller resisted performance at the trial level on the ground that there was no "mutuality of obligation" since the buyers could avoid performance at their sole and absolute discretion, and on the further ground that the contract was the result of "deception, duress and undue influence" exerted upon her.

The trial court found in favor of the buyers and entered a judgment in their favor compelling specific performance by the seller. On appeal the seller continues to resist performance on the two grounds heretofore stated, and, additionally, claims the judgment entered by the trial court should be reversed because "[e]rror was committed in allowing the trial to proceed in the absence of [seller], thereby prejudicing [seller's] right to participate in her defense."

Seller bottoms her defense of lack of "mutuality of obligation" on the following

language found in the contract relative to payment of the balance of the purchase price: "Buyer to receive loan on terms [1] acceptable to buyer of $22,500 at an interest rate not to exceed 7½% for a period of not less than 25 years. . . . Buyer to apply for above loan within 5 days . . . ." Seller further refines this defense by arguing that the particular language, "on terms acceptable to buyer", rendered any obligation on the part of buyers to purchase the real estate illusory because what might constitute "acceptable" terms was left to their unbridled whim and caprice.

■ If the controversial provision is susceptible of a fair and reasonable construction, then it must be so construed in this action for specific performance. *Herzog v. Ross,* 355 Mo. 406, 196 S.W.2d 268 (banc 1946). The basic and most material terms of the loan to be obtained by the buyers were specifically delineated—the amount, minimum term, and maximum rate of interest. The language, "on terms acceptable to buyer", could only relate to residual loan terms. Since the contract did not specifically delineate any residual loan terms, the language, "on terms acceptable to buyer", is susceptible of being fairly and reasonably construed as subjecting the buyers to residual loan terms in conformity with those prevailing in the market place for comparable loans. So construed, the contractual provision relied upon by seller, contrary to the position taken by her, did not constitute an escape clause which the buyers could invoke arbitrarily, capriciously or in bad faith. *Skelly Oil Company v. Ashmore,* 365 S.W.2d 582 (Mo. banc 1963). So construed, "acceptable" residual loan terms were susceptible of being measured by extrinsic facts and in no way dependent upon the personal whim or fancy of the buyers. *Herzog v. Ross,* supra; *Mullally v. Greenwood,* 127 Mo. 138, 29 S.W. 1001 (1895); Restatement of Contracts § 265 (1932). A contract for the sale of real property containing a clause making it con-

ditional upon buyer obtaining a loan, standing alone, does not render the contract unenforceable for want of mutuality of obligation and the seller in the instant case has not questioned this basic proposition. *Langley v. Norris,* 141 Tex. 405, 173 S.W.2d 454 (1943); *Nelson v. Jenkins,* 214 S.W.2d 140 (Tex.Civ.App.1948); and *Pease v. Brown,* 186 Cal.App.2d 425, 8 Cal.Rptr. 917 (1960). The contract in question was supported by adequate consideration—mutual promises binding on the respective promisors, i. e. seller's promise to sell and buyers' promise to buy.

■ The seller's attempt to avoid performance on the ground that the contract was the result of "deception, duress, and undue influence" exerted upon her is not well taken. This defense is predicated solely on the seller's own testimony and in order for it to prevail evidence in direct contradiction thereto offered by the buyers would have to be ignored. On appellate review of court tried cases "[d]ue regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." Rule 73.01 3(b). In order to sustain seller's second defense, this court would have to inject itself as the final arbiter of the credibility of witnesses whom it never heard, saw or observed, thereby making a mockery out of the salutary principle of giving due deference to the trial court's assessment of the credibility of witnesses. This it refuses to do.

■ There is no merit to seller's contention that she was prejudiced by the fact that the trial commenced in her absence. A brief resume of certain events is necessary to put this particular contention in proper perspective. The record reveals that when the case was originally set for trial it was continued at the request of seller, and approximately two years elapsed before it was reset for trial. The record also hints that seller's lack of cooperation throughout delayed a timely disposition of the case at the

---

1. It stands undisputed that the loan referred to was to be obtained from an "outside" source, with no obligation on the part of the seller to carry the loan.

888

trial level. On the date the case was reset for trial seller did not appear in person. However, her attorney of record appeared and orally requested a continuance on the ground that seller was hospitalized. A colloquy between court and counsel disclosed that seller had been notified of the trial date and thereafter voluntarily sought admittance to a hospital. The trial judge denied the oral request for a continuance sought by the seller's attorney of record. Since the request for a continuance was not made in writing and supported by affidavit, as required by Rule 65.03, the trial court did not abuse its discretion by commencing the trial in seller's absence. Rule 65.03, supra; *McGinley v. McGinley,* 170 S.W.2d 938 (Mo. App.1943); and *Searles v. Searles,* 495 S.W.2d 759 (Mo.App.1973). Moreover, the trial court literally bent over backward to alleviate any prejudice to the seller. After the buyers presented their case, the trial was recessed for a period of thirteen days in order to give seller an opportunity to appear and present her case, which she did. Seller has failed to cite a single instance whereby this procedure prejudiced her in fully presenting her side of the case. Moreover, the record discloses that seller's attorney fully participated in that portion of the trial that occurred during her absence. Trial courts are constantly buffeted with every conceivable type of ploy for delay. For every hue and cry at the trial level to accelerate the disposition of cases there exists, in many instances, an equally vociferous hue and cry for delay. An orderly dispatch of business at the trial level cannot be achieved if a trial judge succumbs to requests for delay for the sake of delay and indifferently ignores compliance with Rule 65.03. Under the record presented on appeal the trial court did not abuse its discretion in commencing trial of this case in seller's absence.

The judgment entered by the trial court conforms with the law and the evidence and is therefore affirmed. By so holding, it becomes unnecessary to rule on buyers' motion to dismiss seller's appeal.

Judgment affirmed.