## 52511. BELL v. BABB.

CLARK, Judge.

This appeal involves the validity of a purported realty sale agreement. Without benefit of counsel the parties signed a handwritten document which read as follows: "I Richard Bell agreed [sic] to sell home on Pine Mt Rd. for a total of $16,500. Mr. Thomas Babb & 'Father' Edward Babb agree to pay $200 ernest [sic] money today (9/8/73), and a bal. of $800 on or before 1 Oct. 1973. From date of moving in he will pay $125 a month untill [sic] such time we can get this home finance [sic] through First Federal Bank at Cedartown."

After buyer-plaintiffs were denied financing by the First Federal, suit was brought to recover the earnest money paid seller. Defendant denied liability and counterclaimed for the balance of the purchase price. Following presentation of stipulated facts to a jury, both parties moved for directed verdicts. The court granted that of the plaintiff for recovery of the earnest money and denied that of defendant. Defendant seller has appealed

from the adverse judgments. *Held:*

This writing, which purports to be a contract for the purchase and sale of real property, is vague, indefinite and uncertain. The property description, a "home on Pine Mt Rd." is inadequate in that it utterly fails to describe any particular tract or quantity of land to be conveyed. *Wallace v. Adamson,* 129 Ga. App. 792 (201 SE2d 479) and cits.

Additionally, the provision as to financing is likewise legally deficient. It is wholly lacking in specifics with regard to the terms, interest or time of the proposed financing.

Because of these inadequacies and deficiencies this purported contract is unenforceable, and the plaintiffs, proposed vendees thereunder, are entitled to recover the earnest money paid to the defendant. This is in accord with numerous adjudicated cases. Among these are *Morgan v. Hemphill,* 214 Ga. 555 (105 SE2d 580); *Potts v. Smith,* 134 Ga. App. 737 (215 SE2d 697); *Collins v. Wright,* 119 Ga. App. 4 (165 SE2d 878); *Brady v. Poulos,* 121 Ga. App. 35 (172 SE2d 437); *Alexander v. Wood,* 119 Ga. App. 332 (166 SE2d 903); *Scott v. Lewis,* 112 Ga. App. 195 (144 SE2d 460); *Hicks v. Stucki,* 109 Ga. App. 723 (137 SE2d 399); *Scarborough v. Novak,* 92 Ga. App. 488 (88 SE2d 800); *Williams v. Gottlieb,* 90 Ga. App. 438 (1) (83 SE2d 245); *Stanaland v. Stephens,* 78 Ga. App. 68 (2) (50 SE2d 258); *Parker v. Averett,* 114 Ga. App. 401 (151 SE2d 475).

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 20, 1976 — DECIDED SEPTEMBER 29, 1976.

*Dunaway & Perry, Marson G. Dunaway,* for appellant.

*Munday & Gammage, John Strain,* for appellee.