53719. BARTON v. E. D. MARTIN COMPANY, INC.

BELL, Chief Judge.

This is a suit for money had and received, seeking recovery of earnest money paid by plaintiff to defendant on a real estate contract for the purchase of a condominium. The plaintiff alleged that the contract was void and unenforceable as the terms and manner of payment of the purchase price were too vague and indefinite. The terms are not in dispute. It provided for a purchase price of $45,324; that $4,532.40, or 10% was paid to defendant as earnest money and was to be applied as part of the purchase price. A special stipulation in the contract provided that the purchaser, the plaintiff, was to "secure a 90% loan." In defendant's answer it was alleged

that the contract was valid and enforceable; and also that plaintiff was estopped from attacking the validity of the contract as defendant was induced by plaintiff to make changes in the condominium purchased. The trial court granted defendant's motion for judgment on the pleadings. *Held:*

1. Where the amount of the purchase price fixed by the contract is certain and definite, but the terms as to payment are indefinite and uncertain, the writing is not a contract and confers no rights and imposes no liability. *Morgan v. Hemphill,* 214 Ga. 555 (105 SE2d 580). While the purchase price was definite, the terms as to payment were not. The language that plaintiff will secure a "90% loan" is vague and uncertain. This terminology furnishes no key from which it can be ascertained from whom the loan was to be obtained; what property, if any, was to be mortgaged and to whom the mortgage was to be given, the rate of interest payable on the loan and how it was to be repaid. In *Stanaland v. Stephens,* 78 Ga. App. 68 (50 SE2d 258), *Cole v. Cutler,* 96 Ga. App. 891 (102 SE2d 82), and *Hicks v. Stucki,* 109 Ga. App. 723 (137 SE2d 399), we have held similar and indistinguishable language in a financing clause of a contract to be vague and uncertain and the contract unenforceable. Defendant was not entitled to judgment on the pleadings as the contract was unenforceable.

2. The asserted defense of estoppel is not available for any performance under the contract by defendant will not cure the defect relating to vagueness and uncertainty in the financing clause. *Thomas v. Harris,* 127 Ga. App. 361 (193 SE2d 260).

*Judgment reversed. McMurray and Smith, JJ.; concur.*

ARGUED APRIL 4, 1977 — DECIDED JUNE 20, 1977.

*Buck, Andrews & Dicus, Barschall Andrews, II,* for appellant.

*Champion & Champion, Forrest L. Champion, Jr.,* for appellee.