## 56432. FOURTEEN WEST REALTY, INC. v. SCREWS.

WEBB, Judge.

This is a suit by a realtor pursuant to Code Ann. § 4-213 for real estate sales commissions, the theory of recovery being that a purchaser ready, able and willing to buy on the seller's terms was produced and a binding contract of sale entered into, but that defendant seller wrongfully refused to appear at the closing and consummate the contract.

At the conclusion of the realtor's evidence the seller moved for directed verdict, the contention being that the contract lacks mutuality because of a clause which

provides: "Purchaser's obligation to purchase the property is conditioned on the ability of purchaser to obtain a loan . . . in the principal amount of not less than $19,200.00, bearing interest at a rate not to exceed 8.75% per annum on the unpaid principal balance, and repayable in not less than 360 equal monthly installments of principal and interest of $151.06, plus monthly deposits to an escrow account for taxes, [etc.]."

The court granted the motion, reasoning that under *F & C Invest. Co. v. Jones,* 210 Ga. 635 (81 SE2d 828) (1954), the contingency as to obtaining the loan deprived the contract of mutuality; that the "contract" was in reality only a revocable offer to sell; and that the seller notified the purchaser that the offer was withdrawn prior to the purchaser's notifying the seller that the offer was accepted so that no binding contract ever came into being.

We would agree, under our holding in *Stone Mtn. Properties v. Helmer,* 139 Ga. App. 865 (229 SE2d 779) (1976), that the trial court's analysis was correct, provided that the contract here were found to lack mutuality because of the financing contingency. It was not brought out below that in the *F & C* case the contract was contingent upon the purchasers procuring a loan, an event which the court ruled might or might not happen at the pleasure of the buyer, whereas here it is contingent upon the purchaser's ability to obtain it, a difference in terminology which this court has ruled supplies mutuality in that it imposes upon the purchaser a duty to make a diligent, good-faith effort to obtain the loan. *Murphy v. Morse,* 96 Ga. App. 513, 515 (2) (100 SE2d 623) (1957); *Sheldon Simms Co. v. Wilder,* 108 Ga. App. 4 (131 SE2d 854) (1963); *Clover Realty Co. v. McLeod,* 124 Ga. App. 160 (183 SE2d 33) (1971); *Tipton v. Harden,* 128 Ga. App. 517 (197 SE2d 746) (1973); *Dozier v. Matthews,* 136 Ga. App. 375 (221 SE2d 236) (1975). See also *Carmichael v. Gonzales,* 107 Ga. App. 746, 748 (2) (131 SE2d 149) (1963).

But we need not reach a decision on the basis of a duty inferred pursuant to those cases, for we find the following additional language in the contingency clause which was not brought to the court's attention: "Purchaser agrees within seven (7) days after the date of this contract to

make application for such loan and to pursue and seek to obtain such loan diligently and in good faith. Purchaser agrees to accept a commitment and to execute and deliver all documents required to close the loan, if a commitment to make the loan is obtained by Purchaser or by Seller or Broker on behalf of Purchaser." Under authority of *Warren v. Camp,* 232 Ga. 681 (2) (208 SE2d 489) (1974) and *Barto v. Hicks,* 124 Ga. App. 472 (3) (184 SE2d 188) (1970), we hold that these express promises supply mutuality of obligation in exchange for the seller's holding open the offer to sell until the time specified for the closing. Since the loan was in fact obtained and the seller notified prior to that time, the offer was accepted and a binding contract resulted notwithstanding the seller's attempt to withdraw the offer. Consequently the court erred in granting the seller's motion for directed verdict.

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

ARGUED SEPTEMBER 6, 1978 — DECIDED OCTOBER 2, 1978.

*Lefco & Zuckerman, Stanley M. Lefco,* for appellant. *Fred W. Minter,* for appellee.