### 36586. BRACK et al. v. BROWNLEE et al.

NICHOLS, Justice.

Appellants are purchasers of real property who brought this action for specific performance of a real estate sales contract. The trial court found that the contract was unenforceable and entered judgment for appellees, the vendors of the property. This court reverses.

Appellants made an offer to purchase appellees' land for $48,900.00. Appellees counter-offered to sell for $51,900.00. Appellants accepted this offer and paid $1,000.00 earnest money to the real estate broker who listed appellees' property. Appellees were notified of appellants' acceptance. Shortly after reaching this agreement, the appellees were offered a second contract on the property for $57,000.00. The appellees also agreed to this second contract which required them to defend any action arising from the first contract. The day after making the first agreement appellees "rejected" their contract with appellants "on the basis that the terms of such purported contract were too vague and indefinite to be enforceable, there thereby being no mutuality of obligation thereunder." Nevertheless, the appellants proceeded to comply with the contract, obtained a loan, and were prepared to close at the time specified in the contract. Appellees did not close and the appellants brought this action.

The sole issue on appeal is whether the contract could legally be rescinded by the vendors. Appellees claim the contract provision providing that "this contract is contingent upon purchaser being able to secure [adequate] financing" allows the seller to rescind or reject the contract because it lacks mutuality. This court disagrees.

It is undisputed that appellants paid $1,000.00 earnest money to the real estate agent who listed appellees' property for sale. Apparently, the appellee did not refund this earnest money when he attempted to rescind the contract. This money was paid to secure appellees' promise to convey the property at closing. Appellants, of course, agreed to purchase the property. This exchange of promises by the parties and appellants' payment of earnest money provided

consideration for the contract. Thus appellees' claim that the contract lacked mutuality of obligation is incorrect. "Where there is no other consideration for a contract, the mutual promises must be binding on both parties, for the reason that only a binding promise is sufficient consideration for a promise of the other party . . ." 17 AmJur2d 348, Contracts, § 11. But "[w]here there is *any other consideration* for a contract so that each promise does not depend upon the other for consideration, mutuality of obligation is not essential." *Crawford v. Baker,* 207 Ga. 56, 60 (60 SE2d 146) (1950) (Emphasis supplied). Mutuality is not required where there is consideration other than mutual promises. *Id.* See also 6 EGL 90, Contracts, § 39 (1978) and 17 AmJur2d 448 Contracts, §§ 104-108. Here the payment of money by the purchasers and the vendors' promise to sell provided adequate consideration for their contract. Such an agreement is not illusory, and both parties are committed to a binding agreement. Restatement, Second, of Contracts, §§ 77 and 81; 1A Corbin on Contracts, § 152; J. Calamari and J. Perillo, Contracts, §§ 67-75 (1970). *Potts v. Smith,* 134 Ga. App. 737 (215 SE2d 697) (1975) and *Alodex Corp. v. Brawner,* 134 Ga. App. 630 (215 SE2d 527) (1975) are overruled.

Appellees argue that the financing condition creates a contingency which allows the appellants "to escape from the contract at any time without liability." Because of this, appellees contend, the contract is void. Under Georgia law the purchasers may not "escape" from the obligations of their agreement. It has frequently been held that the purchaser has an implied duty "to diligently seek to have [the financing] contingency take place." *Warren v. Camp,* 232 Ga. 681, 682 (208 SE2d 489) (1974). This implied duty must be exercised in good faith. *Fourteen West Realty v. Screws,* 147 Ga. App. 362 (248 SE2d 722) (1978). See generally 78 ALR3d 880. Therefore, the appellants could not avoid their obligations under the contract. Because of this implied duty a contract for the sale of real property which is conditioned upon the purchaser's ability to obtain a loan is not unenforceable for lack of mutuality of obligation. See Restatement, Second, of Contracts, §§ 250-252, especially comment a, illustration 4 to § 252. Accord, Solberg v. Kane, 536 SW2d 885 (1976).

Similarly, a vendor has an implied duty under a sales contract to allow the purchaser a reasonable time within which to obtain financing. If no time limit were specified, this reasonable time would be inferred and would be a question for the factfinder. *Whitley v. Patrick,* 226 Ga. 87 (172 SE2d 692) (1970). See 28 EGL 304, Vendor and Purchaser, § 20. In this case, however, the parties agreed that the sale would be closed on or before January 15, 1979. Thus, the contract

itself provides that the purchaser has at least until January 15 to obtain financing. See *Belk v. Nance,* 232 Ga. 264 (206 SE2d 449) (1974). "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement." Restatement, Second, Contracts, § 231. Accord, Code Ann. § 109A-1—203. Therefore, the appellees' repudiation of the contract the day after it was accepted was an anticipatory breach of the appellees' duties under the contract. Accord Carroll v. Wied, 572 SW2d 93 (1978).

It should also be noted that the financing condition was for the purchasers' protection, *Whitley,* 226 Ga. at 89, and they could have waived the provision. Obviously the purchasers must obtain financing or otherwise comply with the contract terms requiring them to pay the vendors the purchase price at closing. But the precise manner in which the funds are obtained is irrelevant to the vendors. See *Edwards v. McTyre,* 246 Ga. 302 (1980). In fact, a contract from a vendor's viewpoint would be complete without any provision to protect a purchaser who cannot obtain financing. G. Pindar, Ga. Real Est. Law, § 18-14 (1979). However, many real estate contracts contain such financing conditions. If a vendor could successfully utilize this contract term (which is unquestionably for the buyer's protection) to rescind the contract at any time prior to the occurrence of the condition (presumably whenever the vendor received a better offer), a purchaser would never be able to rely on the contract while he sought financing. Any vendor could rescind such a contract with impunity. This result would be intolerable and would destroy the good faith reliance among individuals which permits them to act in accordance with their agreements.

As a final argument appellees assert that the financing condition is too vague and not binding on the purchasers rendering the entire contract illusory for lack of mutuality. In view of our determination above that mutuality is not required where there is consideration for a contract other than merely mutual promises, appellee's argument is without merit.

The record here shows that appellants did obtain financing and were ready to perform on the day set for closing. Tender was rejected by the appellees, although tender is not required where the vendor has indicated he will not accept it. *McLoon v. McLoon,* 220 Ga. 18 (136 SE2d 740) (1964). Based on the foregoing discussion, this court holds that the appellees' attempt to rescind the contract was invalid. The appellants are entitled to specific performance of the contract.

*Judgment reversed. All the Justices concur, except Undercofler, C. J., who concurs in the judgment only.*

Submitted September 9, 1980 — Decided October 29, 1980 —

*Tennant, Andersen & Davidson, T. Michael Tennant,* for appellants.

*Kilpatrick & Cody, Thomas C. Harney,* for appellees.

On Motion for Rehearing.

Appellees cite several cases[1] which have held that a contract lacks mutuality, is unenforceable, and void where the financing provision is too indefinite. These cases for the most part are factually different from this case in that they involved efforts by the purchasers to obtain a refund of their earnest money. Nevertheless the basis for the decisions in these cases (i.e., that a contract containing a vague, ancillary financing clause lacks mutuality and is not a valid contract) is implicitly overruled by our decision in this case.[2] We have held here that this financing clause does not vitiate the entire contract for sale[3] and that the seller cannot rightfully rescind his bargained-for agreement under these facts. This is especially true in view of the fact that the financing condition is inserted for the purchasers' protection, and that so long as the purchasers' comply with their primary obligation to pay the purchase price at closing, the precise manner in which the funds are obtained is irrelevant to the vendors. *Whitley,* supra, and *Edwards,* supra.

---

[1] *Barton v. E. D. Martin Co.,* 142 Ga. App. 586 (236 SE2d 555) (1977); *Bell v. Babb,* 139 Ga. App. 695 (229 SE2d 511) (1976); *Kenimer v. Thompson,* 128 Ga. App. 253 (196 SE2d 363) (1973); *Brady v. Poulos,* 121 Ga. App. 35 (172 SE2d 437) (1970); *Cole v. Cutler,* 96 Ga. App. 891 (102 SE2d 82) (1958); *Lightfoot v. King,* 25 Ga. App. 80 (102 SE 468) (1925).

[2] While overruled by this case, the cases cited in footnote 1, supra, lack legal vitality at least as applied to ancillary conditions in a contract. For example, in *Clairmont Development Co. v. Highlands Forest, Inc.,* 232 Ga. 541 (207 SE2d 505) (1974), a unanimous court held two special stipulations to a real estate sales contract that (1) "[t]he terms of the note evidencing said loan and the security deed securing same will be no more burdensome to the mortgagor than the forms of same now being used by Lawyer's Title Insurance Corporation ..." and (2) "[s]ubject to confirmation in writing from proper authorities regard to utilities, zoning and taxes" did not render the contract unenforceable. "In the context of the entire contract we hold ... that these two items do not make the contract unenforceable." Id. at 542. The contract had been challenged as being "vague, indefinite, uncertain, and lacking in mutuality." See also *Warren v. Camp,* supra, and *Barto v. Hicks,* 124 Ga. App. 472 (184 SE2d 188) (1971). *Barto* held that a provision to obtain a loan at the "current prevailing rate" did not render a contract void for uncertainty. See footnote 3 infra.

[3] See *Buckner v. Mallett,* 245 Ga. 245 (264 SE2d 182) (1980) where we held that

Appellees also argue that this opinion's change in the application of the mutuality concept in Georgia will result in purchasers losing their earnest money whenever they are unable to obtain financing and to fulfill their contract obligations. It must be stressed that this opinion does *not* hold that a purchaser who makes a good faith effort to obtain financing, yet is unable to obtain a loan, will lose his earnest money. Although the mutuality concept may no longer be used by a court to say that a contract never existed, it is still true that the purchaser may be entitled to a refund of his earnest money because the condition precedent of obtaining the loan was not fulfilled after the purchaser's good faith efforts to do so. See 3A Corbin on Contracts, § 629A. Of course, the terms of the contract and the intentions of the parties in a particular case will be determinative of the disposition of the earnest money. As a general rule, however, if a purchaser fails to make a good faith effort to obtain financing after agreeing to the contract, he would forfeit his earnest money. See 78 ALR3d 880.

Nor does the opinion decide precisely how to categorize this financing contingency. The general view appears to be that a financing contingency clause creates "a condition precedent to the performance of the primary contractual obligations to buy and sell the property." 77 AmJur2d 251, Vendor and Purchaser, § 66. See generally 6 EGL 117, Contracts, § 82. See Smith v. Vernon, 286 NE2d 99 (1972). Corbin categorizes it as a condition precedent and states: "To this treatise, it appears that there was a valid contract of purchase and sale, one term of which provided for the obtaining of the loan . . . [I]t is reasonable to hold that the obtaining of the loan was a condition precedent to the duty of both parties to render their promised performances (and not a condition precedent to the existence of a valid contract.)" 3A Corbin on Contracts, § 629A, fn. 22.15, p. 13 (1971 Supp.).

*Motion for rehearing denied.*

---

vague release provisions in a contract for *sale* are not material and do not "vitiate the entire contract." We have previously held that the precise manner in which funds are obtained by the purchaser is irrelevant to the vendor. See *Edwards v. McTyre,* 246 Ga. 302 (271 SE2d 205) (1980) where it is stated: "Even if the terms of the loan to be obtained are vague and uncertain, if the buyer actually has the purchase price in cash to pay to the seller as required by the contract, it should not make any difference to the seller how the cash is obtained."