## A93A0084. DENTON et al. v. HOGGE et al.

(431 SE2d 728)

JOHNSON, Judge.

Lorri and Stephen Denton agreed to sell a house to Glenn and Konda Hogge. Pursuant to their written contract, the Hogges paid $2,000 in earnest money. The contract contains the following financing provision: "Purchaser to apply for assumption of loan at Ahmanson Mortgage by September 7, 1988." The Hogges filed a complaint against the Dentons to recover their payment of earnest money, claiming that the Dentons had misrepresented the size and zoning classification of the property. The Dentons filed a breach of contract counterclaim, seeking $18,000 in damages. The case was tried before a jury. At the close of all the evidence, the trial court directed a verdict in favor of the Hogges as to both their claim and the Dentons' counterclaim on the ground that the contract was unenforceable because the financing provision was vague and indefinite. The court entered judgment in favor of the Hogges in the amount of $2,000. The Dentons filed this direct appeal from the judgment, challenging the court's directed verdict against them on both their counterclaim and the Hogges' claim.

1. The Hogges' motion to dismiss the appeal, based on the Dentons' failure to follow the discretionary appeal procedures as required by OCGA § 5-6-35 (a) (6) for judgments of $10,000 or less, is denied. The Dentons' direct appeal from the trial court's judgment against them on their $18,000 counterclaim is proper because "OCGA § 5-6-35 (a) (6) is applicable only where the appellant is seeking to appeal a money judgment for an amount [of $10,000 or less], and not, as in this case, where the appellant has sought a money judgment but has obtained no recovery whatever. [Cit.]" *Whitley v. Bank South*, 185 Ga. App. 896, 897 (1) (366 SE2d 182) (1988). Because the Dentons have the right to directly appeal the judgment against them on their counterclaim, they also have the right to have this court review the $2,000 judgment against them on the Hogges' claim. *Southeast Ceramics v. Klem*, 246 Ga. 294 (1) (271 SE2d 199) (1980); *Hudgins v. Bawtinhimer*, 196 Ga. App. 386, 387 (1) (395 SE2d 909) (1990).

2. The Dentons contend that the court's grant of a directed verdict to the Hogges on both the original claim and the Dentons' counterclaim was improper because it was based on an erroneous finding that the financing provision of the contract is vague and indefinite. They claim that this case is controlled by the decision in *Brack v. Brownlee*, 246 Ga. 818 (273 SE2d 390) (1980). That decision, however, is inapplicable to the instant case because it addressed the issue of mutuality of obligation, not the defense of vagueness and indefiniteness. "[T]he defense of vagueness and indefiniteness is not necessarily the same as a lack of mutuality of obligation, the former being in this

case mainly a question of interpretation and ascertaining intent of the parties [cits.], the latter having most often to do with consideration. [Cits.] The Supreme Court in *Brack* addressed only the mutuality of the contingent financing clause and did not imply that all real estate sales contracts, however vague and indefinite in some material part, will be enforceable." *Farmer v. Argenta*, 174 Ga. App. 682, 683 (331 SE2d 60) (1985).

"The test of an enforceable contract is whether it is expressed in language sufficiently plain and explicit to convey what the parties agreed upon." (Citations and punctuation omitted.) *Advance Security v. Superior Surgical &c. Co.*, 197 Ga. App. 769, 771 (1) (399 SE2d 488) (1990). The financing provision in the instant case, that the Hogges are to apply for the assumption of a loan, is not sufficiently plain and explicit to convey what the parties agreed upon. "The test is whether the loan . . . is properly identified." *Morgan v. Hemphill*, 214 Ga. 555, 556 (105 SE2d 580) (1958). Here, the contract does not identify the loan or any of its terms. Because the financing provision does not properly identify the loan, the contract is too vague and indefinite to be enforceable. See *Barton v. E. D. Martin Co.*, 142 Ga. App. 586 (236 SE2d 555) (1977); *Parker v. Averett*, 114 Ga. App. 401 (151 SE2d 475) (1966); *Hicks v. Stucki*, 109 Ga. App. 723 (137 SE2d 399) (1964). The trial court did not err in granting a directed verdict in favor of the Hogges.

*Judgment affirmed. Blackburn and Smith, JJ., concur.*

DECIDED MAY 26, 1993.

*Goodman & Goodman, Michael D. Goodman*, for appellants.
*William A. Wehunt*, for appellees.