ABNER P. WIMBERLY, plaintiff in error, *vs.* ROBERT S. BRYAN, defendant in error.

1. Where the defendant paid $1,000 00 in part of purchase money for land, and agreed to pay $3,000 00 more, and the plaintiff placed him in possession thereof, where he still remains, such acts constitute a part performance of the contract of sale which would take the same without the operation of the statute of frauds, although such contract had not been reduced to writing.

2. Where, to a suit upon a note for the balance of purchase money due on land, brought by the vendor, the defendant pleaded that he, the plaintiff, and one W., had agreed that he should pay such balance on a note held by W. against the plaintiff, a demurrer thereto was properly sustained. The plea does not allege that W. had any such vested interest in the note for such balance, by virtue of any valid contract made with the plaintiff as would entitle him to receive the amount due thereon to the exclusion of the plaintiff if he thought proper to collect it in his own name, and to revoke any authority given to W. to receive it.

Statute of frauds. Part performance. Pleadings. Powers. Contracts. Before Judge JAMES JOHNSON. Talbot Superior Court. September Term, 1874.

Reported in the decision.

E. H. WORRILL; M. H. BLANDFORD, for plaintiff in error.

WILLIS & WILLIS; H. L. BENNING, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant on a promissory note for the sum of $3,000 00. The defendant pleaded to the plaintiff's action, that said note was given in consideration of a verbal agreement made by the plaintiff with the defendant for the sale of certain described lots of land, and was therefore void under the provisions of the 1950th section of the Code. The defendant also pleaded that at the time of the making of the alleged contract mentioned in plaintiff's declaration, he agreed to pay $4,000 00 for the purchase of a tract of land, $1,000 00 in cash, and the balance of the purchase money to one Lewis Wimberly upon a note made by plaintiff to said Lewis Wimberly then in the

Wimberly *vs.* Bryan.

hands of Laura, the wife of plaintiff. The defendant also pleaded that at the time of the making the said supposed contract, it was agreed between plaintiff and the defendant and Lewis Wimberly, and Laura Bryan, the wife of plaintiff, that the defendant should pay the $1,000 00 in cash for the land to the plaintiff, and the balance to the said Lewis Wimberly, etc. The plaintiff demurred to the defendant's pleas, the court sustained the demurrer, and the defendant excepted.

The case was then tried on the evidence contained in the record, and the jury found a verdict for the plaintiff. The defendant excepted to the charge of the court, which was in substance as follows: that if plaintiff agreed to sell the land mentioned to defendant, and defendant paid $1,000 00 of the purchase money, and agreed to pay $3,000 00 more, and if plaintiff put defendant in possession of the land, and he still retains possession of it, that then this was such a part performance of the said contract as took the same without the operation of the statute of frauds, although said contract was not reduced to writing, and no memorandum in writing of the same was made and signed by the parties to be charged therewith, and the plaintiff would be entitled to recover the balance of the purchase money agreed to be paid for the land.

There was no error in sustaining the demurrer to the second and fourth pleas of the defendant. It is not alleged in the pleas that Lewis Wimberly had such an interest in the plaintiff's note as would entitle him to be paid the money due thereon, to the exclusion of the plaintiff's right to collect and receive it. In other words, the pleas do not allege that Lewis Wimberly had such a vested interest in the $3,000 00 due on the note, by virtue of any valid contract made with the plaintiff as would entitle him to receive it from the defendant, to the exclusion of the plaintiff's right to do so, if he thought proper to collect it in his own name, and to revoke any authority given to Lewis Wimberly to receive it. In view of the evidence in the record, there was no error in the charge of the court to the jury.

Let the judgment of the court below be affirmed.