## 12237. HAWKS v. MOORE.

Where it was sought to recover a commission for procuring a purchaser for certain land, under a contract authorizing the plaintiff to act as the defendant's agent in the sale of land, it was not harmful to the defendant for the court to charge the jury that there was "no reservation in this contract to the effect that . . the owner of the land did not have the right to sell."

Although the placing of property in the hands of an agent to sell "does not prevent the owner from selling, unless otherwise agreed" (Civil Code of 1910, § 3587), the agent, if during the agency "he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner," can not be deprived of his commission by negotiations between the owner and a prospective purchaser with whom the owner has not entered into a mutually binding and enforceable contract for the sale of the property.

The verdict for the plaintiff was supported by evidence.

DECIDED NOVEMBER 16, 1921.

Action for damages; from Madison superior court — Judge W. L. Hodges. January 22, 1921.

*Gordon & Gordon, Berry T. Moseley,* for plaintiff in error.

*John J. Strickland, W. M. Smith,* contra.

BLOODWORTH, J. Moore sued Hawks, alleging that he had a written contract to sell a described tract of land belonging to Hawks, and that during the term of his agency he found a purchaser for the land "who was ready, able, and willing, and who actually offered to buy the land in question on the terms stipulated by the defendant;" that the defendant himself, during the term of the agency of the plaintiff, sold the land to others, and refused to pay plaintiff his commission. The defendant, in his plea, denied that he ever signed any agency contract giving to the plaintiff the right to sell the land, and alleged that he sold it in good faith before the plaintiff brought to him the purchaser found by the plaintiff, and that he owed the plaintiff nothing. The trial resulted in a verdict for the plaintiff. The defendant made a motion for a new trial, which was overruled, and he excepted.

In the light of the entire charge, the judge did not err in telling the jury that "there is no reservation in this contract to the effect that Hawks, the owner of the land, did not have the right to sell. That is conceded under the terms of the contract to be the truth." This charge was favorable to the defendant. Nor was it erroneous because it "was not full enough." In *Lucas* v. *State,* 110 *Ga.* 756 (36 S. E. 87), it was held: "A por-

tion of a charge wherein a complete, accurate, and pertinent proposition is stated is. not, in and of itself, erroneous simply because it fails to embrace an instruction which would be appropriate in connection with that proposition." See also *Conley* v. *State*, 21 *Ga. App.* 134 ( 94 S. E. 261 ), and cases cited.

Counsel for the plaintiff in error do not argue the 5th ground of the motion for a new trial, but state in their brief that it was stricken by the court.

The portions of the charge referred to in grounds 6, 7, and 8 of the motion for a new trial are not erroneous for any reason alleged. The word " selling," as used in § 3587 of the Civil Code ( 1910 ) in regard to a broker's right to a commission, where this section says, " The fact that property is placed in the hands of a broker to sell does not prevent the owner from selling, unless otherwise agreed," contemplates that the owner of the land and the purchaser have entered into a contract that is mutually binding and enforceable. A mere preliminary discussion between the owner and the prospective purchaser, or a tentative agreement looking to the sale, under the evidence, will not deprive the agent of his rights to his commission " when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner."

The evidence is sufficient to support the finding of the jury, which has the approval of the trial judge, and this court will not interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*