## HENNON *v.* GRESHAM *et al.*

No. 14550.   June 11, 1943.

*James Maddox* and *Leon & Dean Covington,* for plaintiff.
*Lanham & Parker,* for defendants.

GRICE, Justice. ■ If the plaintiff has a case, it is because of the oral agreement set up in his amendment, since the writing signed by the parties lacks at least one vital essential, to wit, a definite description of the land, or at least a key to its identification. *Douglass* v. *Bunn,* 110 *Ga.* 159 (35 S. E. 339) ; *Tippins* v. *Phillips,* 123 *Ga.* 415 (51 S. E. 410). There is no prayer to reform it, even if it be conceded that the petition contains sufficient averments to authorize reformation. The oral contract was of a dual nature. It provided that Gresham would rent the land to Hennon for a certain term for a stated sum, and contained a provision that Hennon might purchase it on stipulated terms. The Code, § 37-802, declares: "The specific performance of a parol contract as to land shall be decreed, if the defendant admits the contract, or if it be so far executed by the party seeking relief, and at the instance or by the inducements of the other party, that if the contract shall be abandoned he can not be restored to his former position. Full payment alone accepted by the vendor, or partial payment accompanied with possession, or possession alone with valuable improvements, if clearly proved in each case to be done with reference to the parol contract, shall be sufficient part performance to justify a decree." Here partial payment and possession are relied on. In such a case it is required that the possession be held with reference to the parol contract to be enforced, to wit, the contract to purchase. What as to this does the petition show? The amendment recites that Gresham put the plaintiff "in possession of said land, and that he has remained in possession thereof since said time." The date next preceding the quoted words is April 5, 1942 [1940?]. Subparagraph 2(g) of the amendment to the petition is as follows: "That at the time said dispossessory warrant was issued, petitioner was in possession of said land under his said contract and agree-

ment to purchase the same, and not as tenant." Subparagraph (k) is in these words: "Petitioner shows that he would never have entered on said land or made any of said payments had he not believed he had a legal and binding contract with the said C. H. Gresham, whereby he could exercise his option and buy said land in accordance with the terms of said oral agreement."

We have shown that the contract was of a dual nature. In one part it was an agreement to rent, in another an option to purchase. He entered in pursuance of the oral agreement of the dual nature indicated. Under these circumstances it can not be said that his entry of possession was in performance of any thing to be done under the option agreement. An option to purchase land does not in and of itself confer upon the holder any right of entry. An agreement by which one person rents land to another does give to the tenant the right to the use and occupancy, and with it the right of entry. If the same person under the same contract holds an option to purchase and also the right to enter as a tenant, the law will presume that he entered under that portion of the dual agreement which gave him the right to enter. An averment therefore that he entered possession under the contract must be construed to mean that his possession was that of a tenant. Thus his amended petition lacks one of the averments necessary to bring the plaintiff within the terms of the Code, § 37-802, when he relies on partial payment accompanied by possession as sufficient part performance to justify a decree for specific performance of a parol contract relating to the purchase of land. Compare *Neely* v. *Sheppard,* 185 *Ga.* 771, 788 (196 S. E. 452). The demurrer was properly sustained. *Judgment affirmed. All the Justices concur.*