13 N.J. Super. 261 (1951)
80 A.2d 458
FRED W. ROMINE, PLAINTIFF-APPELLANT,
v.
MARCUS GREENE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 19, 1951.
Decided April 30, 1951.
*263 Before Judges McGEEHAN, JAYNE and Wm. J. BRENNAN, JR.
Mr. Arthur E. Dienst argued the cause for plaintiff-appellant.
Mr. John H. Grossman argued the cause for defendant-respondent.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Plaintiff, a real estate broker, sued the defendant for a brokerage commission. Judgment for defendant was entered in the Essex County District Court after trial without a jury. The case comes before us on a statement of the evidence settled by the trial judge under Rule 1:2-23.
The trial judge found that on or before November 9, 1949, the defendant orally engaged the plaintiff to sell a parcel of real property "belonging to the defendant's wife" for the sum of $5,000 net, with the understanding that any amount procured in excess thereof should be retained by the plaintiff in payment of his commission. Later, one Manalio offered the defendant $5,000 for the property, provided the zoning ordinance of the municipality permitted the use of the property for a gasoline station, and the defendant accepted. On November 19, 1949, the parties notified their respective attorneys of the arrangement, and after it was ascertained that the desired use was permitted, a formal contract was executed on *264 November 25, 1949. On November 23, 1949, the plaintiff procured a purchaser who was ready, able and willing to purchase the property for $5,500, and who gave the plaintiff a $500 deposit; and on the same day, the plaintiff communicated this offer to the defendant. The defendant refused to accept on the ground that he had already sold the property to Manalio. Judgment for the defendant was given on the ground that "An owner who accepts in good faith an offer to sell his property and the terms are agreed upon and there remains only the formal drawing of contracts of sale and purchase, should not be required to cancel said negotiations or suffer the penalty of paying a broker's commission, where the broker submits his offer after the commencement of said negotiations of sale by the owner."
The defendant does not question the enforceability of the oral agreement (see Posner v. Shapiro, 102 N.J.L. 408 (E. & A. 1926)), but argues that the power was revoked before performance by the broker.
The power granted to this plaintiff was a revocable, naked power, an offer to pay for services when rendered if performed before revocation. Ettinger v. Loux, 96 N.J.L. 522 (E. & A. 1921). Unless the power has been revoked, a broker acting under such a power ordinarily earns his commission when he produces a purchaser who is ready, able and willing to buy on the terms proposed. Marschalk v. Weber, 11 N.J. Super. 16 (App. Div. 1950), certification denied 6 N.J. 569 (1951); Ettinger v. Loux, above. But the grant of such a power does not preclude the owner from selling to a purchaser of his own procuring. Notification to the broker of such a sale, before performance by the broker, revokes the power. Ettinger v. Loux, above. The prior sale itself acts as as a revocation of the power if insufficient time has elapsed between such sale and performance by the broker to give reasonable opportunity under all the circumstances of the case for notification to the broker of the prior sale. Cf. 1 Mecham on Agency (2d ed. 1914), § 625; Kelly v. Brennan, 55 N.J. Eq. 423 (Ch. 1897); Kennedy & Kennedy v. Vance, *265 202 P.2d 214 (Sup. Ct. Okl. 1949). However, a broker who performs his undertaking cannot be deprived of his commission merely because the owner is engaged at the time in negotiations for sale to a purchaser of his own procuring, even though such negotiations ripen into an actual sale at a later time. A mere preliminary discussion between the owner and a prospective purchaser, or a tentative agreement looking to a sale, or an oral agreement for a sale, is not sufficient; there must be a binding agreement for the sale. Hartig v. Schrader, 190 Ky. 511, 227 S.W. 815 (Ct. of App. Ky. 1921); Hawks v. Moore, 27 Ga. App. 555, 109 S.E. 807 (Ct. of App. Ga. 1921).
The formal written contract was executed on November 25, 1949, two days after performance by the broker, and it constitutes no bar to the plaintiff's right to recover his commission. Because a formal written contract of sale was executed, it does not necessarily follow that there could not have been a prior binding agreement. Wharton v. Stoutenburgh, 35 N.J. Eq. 266 (E. & A. 1882); cf. Pomeroy's Specific Performance of Contracts (3d ed. 1926), § 63; 1 Williston, Contracts (Rev. ed. 1936), §§ 28, 28A; Restatement, Contracts, § 26. Since this plaintiff had no notification of a sale prior to his performance, the defendant, who had an interest in the property, is liable for the commission unless he can prove a binding agreement for sale made so short a time before the broker's performance that reasonable opportunity to notify the broker was not afforded under the circumstances.
The judgment is reversed and a new trial granted.