## 52744. GIACALONE v. TUGGLE.

Smith, Judge.

Appellee brought this dispossessory proceeding against his tenant, the appellant, when he failed and refused to pay his rent. The appellant's monthly rental of $200 included utility services furnished by the appellee. In his counterclaim to the dispossessory petition the

appellant asserted that the appellee was in breach of a contract whereby appellant was to paint eight apartments for appellee at $200 per apartment, and that appellee tortiously interrupted his utility services. At the conclusion of the trial the court directed a verdict for appellee and against appellant on all issues. The appellant is no longer in possession of the apartment. *Held:*

1. The motion to dismiss the appeal is denied.

2. The trial court's direction of a verdict in favor of appellee on the issues of possession and rent due was not in error. There was no evidence adduced at trial which would have required the submission of these questions to the jury, and the court's ruling thereon was correct as a matter of law. Moreover, the issue of possession, as acknowledged by appellant ( Brief, p. 15), is moot.

3. It was also not error for the trial court to direct a verdict against appellant on his counterclaim in tort. In order for there to be a tort there must be a breach by the appellee of a legal duty owed to appellant. The tort alleged by appellant to have been committed by the appellee is based upon the landlord-tenant contract between them. Because the appellant initially breached that contract he can have no cause of action for a tort based on that contract. No duty was owed by appellee to appellant by virtue of a contract, and no other duty has been shown. See Code §§ 105-103, 105-104. Moreover, no damages were shown by appellant. Accordingly, the trial court did not err.

4. Nor did the court err in directing a verdict against appellant on his claim for breach of contract. The agreement between the parties as alleged by appellant called for him to paint seven apartments if the first "trial" apartment was done to appellee's satisfaction. "It is well settled that contracts conditioned upon discretionary contingencies lack mutality." *Stone Mtn. Properties v. Helmer,* 139 Ga. App. 865, 867 (229 SE2d 779). The alleged promise made by appellee was nudum pactum, and no evidence was adduced at trial to show that appellee was ever satisfied with the work.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

ARGUED SEPTEMBER 9, 1976 — DECIDED JANUARY 10, 1977 — REHEARING DENIED JANUARY 28, 1977 — ▉▉▉▉▉▉

*Kendric E. Smith, Richard K. Greenstein, Kenneth G. Levin, Joseph J. Levin, Jr., Pamela S. Horowitz,* for appellant.

*Wills, Catts & Ford, James L. Ford, Warren W. Wills, Jr.,* for appellee.