## 36377. GRIST v. FOSTER.

CLARKE, Justice.

Grist sued to enjoin Foster from conveying certain lands to third parties and seeking specific performance of a contract to purchase which he contends grew out of an oral option granted by Foster to Grist. The sequence of events leading up to the present action began when Foster, a Texas resident, acquired title to the real estate in 1977, and Grist took possession of the land. Grist contends that this possession came about as a result of an oral lease from Foster to Grist and that the oral lease included an option to purchase the real estate. Subsequent to the alleged oral agreement, the parties entered into a written lease with a five year term which contained no reference to an option to purchase.

Foster filed a motion to dismiss the complaint on the grounds that Cook County Superior Court has no jurisdiction over him and that the claim of Grist is barred by the statute of frauds. After hearing evidence, the trial court found there was no jurisdiction and further ruled in Foster's favor on the issue of statute of frauds. It is this order of court which Grist appeals, but the issues on appeal are narrowed to the question of statute of frauds since Foster no longer disputes the jurisdiction of the Superior Court of Cook County.

Equity will not generally decree specific performance of an oral contract as to real estate, but Grist contends that his claim comes within the exception to the statute of frauds set forth in Code Ann. §

37-802, "The specific performance of a parol contract as to land shall be decreed, if the defendant admits the contract, or if it be so far executed by the party seeking relief, and at the instance or by the inducements of the other party, that if the contract shall be abandoned he cannot be restored to his former position. Full payment alone accepted by the vendor, or partial payment accompanied with possession, or possession alone with valuable improvements, it [sic] clearly proved in each case to be done with reference to the parol contract, shall be sufficient part performance to justify a decree."

Foster specifically denies the oral contract and Grist makes no contention that there has been a full payment. Construing the evidence in Grist's favor, his claim is that he is entitled to relief because of his possession of the land and his having made valuable improvements to the land in reliance on his option to purchase. There is no evidence that Grist has made any payment to Foster other than that which is provided for by the written lease which is still in effect.

When a party seeking specific performance of an oral contract to sell realty relies on the principle of possession with improvements, it must be shown that the possession and improvement arose "by virtue of and in the faith of the oral contract or promise, so as to take the case out of the statute of frauds and constitute the equivalent of a writing by showing acts unequivocally referring to the alleged contract or promise." *Taylor v. Cureton,* 196 Ga. 28, 30 (25 SE2d 815) (1943). Where a party takes possession under an oral contract to rent, and also alleged an oral option to purchase, the possession is under the tenancy and cannot also be shown to be in reliance on the option. *Hennon v. Gresham,* 196 Ga. 197 (26 SE2d 252) (1943).

Grist does not contest the existence of the lease nor the fact that he is in possession under the terms of the lease. In order to prevail under § 37-802, he must show that his possession is in reliance on the oral option to purchase. In the early case of *Brown v. Hayes,* 33 Ga. Sup. 136, it was held that where a tenant takes possession under a contract for rent, he may not assert that possession was taken in reliance on seller's promise to convey the property. Here, Grist's possession for five years is controlled by the written lease agreement, and he is asserting additional rights as a result of certain previous oral promises. Since he is admittedly in possession under the lease, he cannot now claim that this possession takes on additional legal significance adverse to the interest of his lessor because of an alleged oral promise. His possession does not meet the requirements of § 37-802. See *Neely v. Sheppard,* 185 Ga. 771 (196 SE 452) (1938). The trial court was correct in finding Grist's claim did not meet the equitable exception to the statute of frauds.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 8, 1980 — DECIDED OCTOBER 22, 1980.

*E. Wycliffe Orr, Ernest J. Yates, Ralph Simpson,* for appellant.
*Bob Reinhardt,* for appellee.