## 37181. SMITH et al. v. COX.

SMITH, Justice.

Appellee brought an action for a writ of possession. Appellants counterclaimed, alleging that the parties have entered into a "lease-purchase" agreement resting partly in writing and partly in parol. The trial court, ruling that the alleged agreement was unenforceable on account of the Statute of Frauds, refused to allow oral testimony as to the terms of the alleged contract and directed a verdict in favor of appellee. We reverse.

On February 7, 1962, the parties entered into the following agreement, entitled "Lease": "Harvey J. Smith and wife Reba, has leased house on Rathburn Circle for 2 years at the rate of $70 per month, to be paid in advance. Due date the 7th of each month. Rent is to be applied on down payment less interest on money and taxes and insurance. Any time the rent becomes 10 days past due this contract is void and null." The agreement is written on paper bearing the letterhead "Cox Coal & Supply Co." Appellee Cox admits having extensive experience in real estate transactions. Appellants, a couple of limited means, have almost none. The written agreement bears the signature of a witness.

There is no doubt that the alleged agreement fails to satisfy the requirements of the Statute of Frauds relating to contracts for the sale of real estate. See *Wiley v. Tom Howell & Associates,* 154 Ga. App. 235 (267 SE2d 816) (1980); Code Ann. § 20-401 (4). "The statute requires that every essential element of the sale must be expressed in the writing." Pindar, Ga. Real Estate Law 573, § 18-8. "A contract for the sale of land, which is partly in writing and partly in parol, is not enforceable, by reason of the statute of frauds." *Thompson v. Colonial Trust Co.,* 35 Ga. App. 12 (1) (131 SE 923) (1925).

Appellants contend, however, that the barrier of the Statute of Frauds has been removed by part performance of the alleged agreement and that the trial court erred in refusing to admit parol evidence of the agreement's terms. At trial, appellants offered testimony that the $70 monthly payments were to be applied to the purchase price of the property. It is undisputed that appellants moved into the residence located on the property and lived there a number of years. The residence needed extensive repair work. However, appellants were financially unable to make the necessary repairs and they moved elsewhere, using the residence as a storage facility. Nonetheless, they continued making the $70 monthly payments to appellee until he filed this action, a period of approximately nine years. Appellee continued to accept the payments even after he became aware that the house was being used

for storage purposes rather than as a residence.

"While Code § 20-401 (4) provides that any contract for the sale of lands, or any interest in or concerning them, to be binding upon the promisor, must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized, this section does not apply where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance. Code, § 20-402 (3); *Baxley Hardware Co. v. Morris,* 165 Ga. 359 (2) (140 S. E. 869). While payment of a part of the purchase-money is not alone such part performance as will take the case out of the statute of frauds, partial payment of the purchase-money accompanied with possession will amount to such part performance as to take the contract out of the statute *(Wimberly v. Bryan,* 55 Ga. 198; *Corbin v. Durden,* 126 Ga. 429 (55 S. E. 30)), and to authorize the specific performance of a parol contract. Code, § 37-802." *Harris v. Underwood,* 208 Ga. 247, 249 (66 SE2d 332) (1951); *Sellers v. Hall,* 153 Ga. App. 189 (265 SE2d 81) (1980).

Appellee, citing *Grist v. Foster,* 246 Ga. 565 (272 SE2d 297) (1980), argues that, as a matter of law, appellants have failed to demonstrate such part performance as would remove the alleged agreement from the Statute of Frauds. We believe, however, that *Grist* is distinguishable from the case at bar.

In *Grist,* supra at 566, we held: "When a party seeking specific performance of an oral contract to sell realty relies on the principle of possession with improvements, it must be shown that the possession and improvement arose 'by virtue of and in the faith of the oral contract or promise, so as to take the case out of the statute of frauds and constitute the equivalent of a writing by showing acts unequivocally referring to the alleged contract or promise,' *Taylor v. Cureton,* 196 Ga. 28, 30 (25 SE2d 815) (1943). Where a party takes possession under an oral contract to rent, and also alleged an oral option to purchase, the possession is under the tenancy and cannot also be shown to be in reliance on the option. *Hennon v. Gresham,* 196 Ga. 197 (26 SE2d 252) (1943) . . . Since [Grist] is admittedly in possession under the lease, he cannot now claim that his possession takes on additional legal significance adverse to the interest of his lessor because of an alleged oral promise."

In the instant case, the written lease term expired in 1964. Appellants continued their possession of the premises and their $70 monthly payments. They requested a deed to the property pursuant to their agreement with appellee. If appellants' allegations are correct, they are no longer making payments and in possession under the terms of a "lease-purchase" agreement, but under the terms of

partially executed sale of real estate which exists by virtue of their acceptance of the option to purchase. Unlike *Grist,* appellants contest appellee's assertion that they are currently in possession under the terms of a lease.

"Code Ann. § 20-402 provides for an exception [to the Statute of Frauds] when there has been part performance under the contract. It is a question for the jury as to whether there was part performance when the evidence tends to prove such performance. *Bryan v. Southwestern R. Co.,* 37 Ga. 26, 31 (1867); *Richards v. Plaza Hotel,* 171 Ga. 827 (156 SE 809) (1931)." *Allen & Bean, Inc. v. American Bankers Ins. Co.,* 153 Ga. App. 617, 619-620 (266 SE2d 295) (1980). The evidence of possession and part payment in the instant case satisfies this criterion.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 6, 1981.

*Adcock & Willard, G. M. Adcock,* for appellants.
*Brown, Harriss & Hartman, Burton Brown, Christopher A. Townley,* for appellee.