## 71381. PRESTIGE REALTY COMPANY v. CM & W CONSTRUCTION COMPANY, LTD.
### (341 SE2d 321)

SOGNIER, Judge.

Prestige Realty Company brought suit against CM & W Construction Company seeking to recover a real estate commission allegedly due under an oral contract between the parties. The trial court granted CM & W Construction's motion for summary judgment and Prestige Realty appeals.

Appellee entered into an oral contract with appellant in which the material term for appellee was that it net $620,000 from the sale of its property. In consideration for appellant's securing a purchaser ready, willing, and able to buy the property in an amount which would net appellee the stipulated figure, the parties agreed that appellant would receive a 5% commission. Appellant located a purchaser whose initial offer was unsatisfactory to appellee. Appellee countered that offer with various contractual modifications and a significantly higher purchase price. At that time appellee informed appellant it wished to net $630,000 from the sale. A second offer by the potential purchaser (for an intermediate sum) was rejected by appellee on the basis that after closing costs and appellant's 5% commission were deducted, appellee would not net the stipulated $630,000. The second offer did not set forth a sum for appellant's commission but merely recited "Real estate commission to be paid by seller." At the meeting in which appellee rejected the second offer, appellant informed appellee immediately after its rejection that appellant would lower the percentage of his commission to approximately 3.7% so that appellee would net $630,000 from the offer and thus that the offer met appellee's requirement. Appellee reiterated its rejection of the offer and the property was later sold to an unrelated third party.

Appellant contends the trial court erred by granting summary judgment to appellee because questions of fact exist whether appellee wrongfully rejected the potential purchaser's second offer thus entitling appellee to a 3.7% real estate commission. A broker's commissions are earned when he finds a purchaser "ready, able, and willing to buy and who actually offers to buy on the terms stipulated." OCGA § 10-6-32. See also *Armstrong v. Lattimore*, 164 Ga. App. 232, 234 (296 SE2d 188) (1982). The only term stipulated by appellee was that it net $630,000 from the sale of the property. It is uncontroverted that the second offer would have netted the stipulated amount after closing costs and a 3.7% commission were deducted. Appellee argues,

however, that because the parties agreed on a 5% commission for appellant, appellant could not waive the benefit of that term and therefore appellee properly rejected the second offer because it failed to completely satisfy the set terms benefitting both parties.

We find this situation analogous to those cases in which the courts have determined that financing conditions, included in real estate contracts for the protection of the purchaser, may be waived by the purchaser and that such waiver does not provide a basis for the vendor to renege on the real estate sales contract. See *Brack v. Brownlee*, 246 Ga. 818, 820 (273 SE2d 390) (1980); *Blower v. Jones*, 226 Ga. 847, 848 (2) (178 SE2d 172) (1970); *Whitley v. Patrick*, 226 Ga. 87, 89 (3) (172 SE2d 692) (1970); *Koets, Inc. v. Benveniste*, 169 Ga. App. 352, 354 (3a) (312 SE2d 846) (1983). The 5% commission provision was a provision for appellant's benefit and protection which appellant had a right to waive and did waive. Id. This is not a situation where a broker lowers his commission in order to induce the seller to accept an otherwise unsatisfactory offer. Compare *Phinizy v. Bush*, 129 Ga. 479 (7) (59 SE 259) (1907). Rather, the evidence set forth in the record shows that appellant complied with his part of the oral contract by securing, during the agency, a purchaser ready, willing, and able to buy and who actually offered to buy appellee's property for an amount netting the appellee's stipulated sum upon appellant's waiver of a 5% commission, which offer appellee rejected. See *Teague v. Adair Realty &c. Co.*, 92 Ga. App. 463, 465 (1) (88 SE2d 795) (1955). Therefore, the trial court erred by granting summary judgment to appellee on appellant's claim for real estate commissions under the oral contract.

*Judgment reversed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 17, 1986.

*Kirk W. Keene*, for appellant.
*William G. Scrantom III*, for appellee.