72391. OLYMPIC CONSTRUCTION, INC. et al. v. DRYWALL INTERIORS, INC.
(348 SE2d 688)

CARLEY, Judge.

Appellant Olympic Construction, Inc. (Olympic) is a general contractor. It contracted to build 29 condominium units and then subcontracted with appellee Drywall Interiors, Inc. (Drywall) for the installation of drywall in those units. When the owner stopped making payments to Olympic, Olympic stopped paying Drywall. Seeking to recover for the work it had performed, Drywall brought the instant action against the following defendants: the owner; appellant Olympic; and appellant American Insurance Co. (American) in its capacity as Olympic's surety on a payment bond. The trial court granted summary judgment in favor of Drywall against appellants Olympic and American. Appellants Olympic and American appeal the grant of Drywall's motion for summary judgment and the denial of their own motions for summary judgment.

1. Appellants enumerate as error the trial court's interpretation of the following subcontract provision: "In any instance where Contractor remains unpaid by the Owner for Work performed by the

Subcontractor, Contractor shall not be obliged to pay the Subcontractor for that work until Contractor *may* receive payment therefor from the Owner." (Emphasis supplied.) The trial court found that this provision could only reasonably be interpreted to mean that Olympic would not be obliged to pay Drywall until such time as, by reason of the satisfactory quality and workmanship of the subcontractor's work, Olympic was itself *entitled* to be paid by the owner. Appellants contend that the word "may" is mandatory, and that this provision establishes *actual payment* by the owner to the contractor as a condition precedent to payment to the subcontractor.

The word "may" is not always permissive. "May" has frequently been held to mean "must" or "shall." To determine what meaning the word "may" imparts, it must always be considered in connection with its context and subject matter. *Bass v. Doughty*, 5 Ga. App. 458 (2) (63 SE 516) (1909); *Wilson-Weesner-Wilkinson Co. v. Collier*, 62 Ga. App. 457, 464 (7) (8 SE2d 171) (1940). In the instant case, it is unclear exactly what meaning the parties intended "may" to have and, after applying all the rules of construction, the ambiguity remains. Accordingly, the trial court erred in ruling that the parties' intent under the contract was not a jury question. See generally *Travelers Ins. Co. v. Blakey*, 255 Ga. 699 (342 SE2d 308) (1986); *Pro Metal Bldg. Systems v. T. E. Driskell Grading Co.*, 170 Ga. App. 127 (1) (316 SE2d 574) (1984); *Salvatori Corp. v. Rubin*, 159 Ga. App. 369, 371 (1) (283 SE2d 326) (1981).

2. Under the provision headed as "Payment" in the subcontract, there was preprinted language followed by typewritten language. Appellants contend that the trial court also erred in holding that the typewritten language in this provision was controlling over the entire printed section which immediately preceded it. Specifically, the trial court held that the printed language, which made payment to the subcontractor conditional on approval by the architect or owner, was superseded by the typed provisions, which governed the time for payment for material and provided that no retainage was to be withheld.

The typewritten parts of a contract generally take precedence over *conflicting* printed parts. *Hodsdon v. Whitworth*, 153 Ga. App. 783 (266 SE2d 561) (1980); *Aetna Life &c. Co. v. Charles S. Martin Distrib. Co.*, 120 Ga. App. 133 (2) (169 SE2d 695) (1969). However, all terms of a contract are to be given full effect insofar as is practicable, *Myers v. Philip Carey Co.*, 17 Ga. App. 535 (87 SE 825) (1916), and no portion of a contract shall be discarded if it can be avoided. *Candler Investment Co. v. Cox*, 4 Ga. App. 763 (62 SE 479) (1908). The typewritten language concerns the time of payment for material and states that retainage does not apply. It is not inconsistent with the preceding printed portion of the subcontract, except to the possible extent that the printed language provides for a different payment

schedule and for retainage. There is nothing inconsistent between the payment schedule in the typewritten portion and the requirement of prior approval of payment contained in the printed portion. Thus, in holding that the typed language invalidated even those printed provisions with which it was not in conflict, the trial court erred. Moreover, a separate, *typed* exhibit, incorporated into the subcontract, includes the following statement: "Labor to be paid upon completion of unit and accepted by owner." It is thus clear that, under the subcontract, acceptance of the work by the owner was a precondition to at least a portion of the payment due the subcontractor.

3. Appellants rely on *Peacock Constr. Co. v. West*, 111 Ga. App. 604 (142 SE2d 332) (1965) for the proposition that Drywall's complaint is fatally defective, in that it fails to allege fulfillment or excuse of the condition precedent of acceptance by the owner. That decision preceded the Civil Practice Act. Under the Civil Practice Act, it is no longer necessary for a plaintiff to allege performance or occurrence of a condition precedent in his complaint. *McDonough Constr. Co. v. McLendon Elec. Co.*, 242 Ga. 510, 513 (250 SE2d 424) (1978). However, the evidence of record does not show whether the condition precedent was or was not either fulfilled or excused. The trial court, therefore, erred in finding Drywall was entitled to payment as a matter of law.

4. American contends that its obligation under the payment bond was conditioned on full and faithful performance of the general contract by all parties. American asserts that, because the owner did not so perform, it is not liable and should have been granted summary judgment.

It is not necessary for us to address the validity or interpretation of the clauses upon which American relies. Even if the payment bond is conditioned as American contends, it was not entitled to summary judgment since the record does not disclose whether or not the owner performed its obligations under the contract. See *Nalley v. Harris*, 176 Ga. App. 553, 555 (1) (336 SE2d 822) (1985).

5. The foregoing renders moot appellants' claim that the amount of the judgment is incorrect.

6. The trial court's order granting summary judgment in favor of Drywall is reversed. The trial court's order denying appellant's motion for summary judgment is affirmed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 2, 1986.

*Donald E. Loveless*, for appellants.

*Ira L. Rachelson, Donald J. Goodman, Stephen A. Friedman*, for appellee.