## A90A2297. CARROLL v. HARRY NORMAN, INC.

(402 SE2d 357)

BEASLEY, Judge.

Defendant Carroll appeals the grant of summary judgment for plaintiff Harry Norman, Inc., on its suit for recovery of a real estate sales commission.

Carroll as purchaser and the Mathes as sellers contracted for the sale of residential property. Harry Norman, Inc., was the listing and selling broker and under the contract was to be paid a seven percent commission on a sales price of $288,000. The contract was contingent on purchaser's ability to obtain a fixed rate mortgage loan, "with an interest rate of not more than 10.5% per annum on the unpaid principal balance." Ability to obtain meant "that purchaser is qualified to receive the loan described herein based upon lender's customary and standard underwriting criteria." The agreement also provided that "purchaser, at its option without voiding this agreement with seller, may also apply for a loan with different terms and conditions and close the transaction" [under certain provisos]. "Notwithstanding the above option, Purchaser shall be obligated to close this transaction if Purchaser qualifies for a loan with terms described in Paragraph 2 B." That was the fixed rate mortgage loan. Purchaser disclaimed any reliance on sellers or their agent in choosing a loan or lender and accepted responsibility for the choice of lender, type of loan and loan program.

December 9, 1988 was the date of closing but the contract provided that "purchaser or seller may, at his option, by written notice to the other party, extend this contract closing date until midnight on the third business day following loan approval, but in no event for a period of time longer than seven (7) calendar days from the initial closing date." When no loan had been approved by December 9, purchaser extended the closing date until December 14 at the urging of one of Harry Norman's agents. Apparently a loan was approved on December 13 and the purchaser was notified on December 14, but she refused to close on December 16 although sellers extended the closing to that date. The loan which was approved was an adjustable rate mortgage with an initial rate of 9.875 percent but with a 5 percent cap on each change date and a maximum rate of 14.875 percent.

Harry Norman contended on motion for summary judgment that having obtained a loan, purchaser was obligated to close the sale and that either party was entitled to obtain an extension of the contract for the specified time. The trial court agreed, holding "the record simply does not show an issue of fact as to whether defendant was approved for an adjustable rate loan rather than a fixed rate as required by the . . . contract." It further stated as undisputed that either party could extend the term of the contract not to exceed the seven-

day period and concluded that purchaser had breached the contract by failing to close so that Harry Norman was entitled to its commission.

1. Purchaser contends that she was not required by the agreement to close the sale because the loan which was approved was not a fixed rate loan.

Under the contract, which controls, purchaser was only required to close if she was able to obtain a fixed rate loan. The proviso that she might apply for any type of loan she wished gave her the option in that regard but did not require her to close if she was approved. The fact that she was approved for a loan which was an option available to her under the terms of the contract did not impose upon her the requirement that would have arisen if she had been approved for a fixed rate loan. Because the option was for her benefit, *Prestige Realty Co. v. CM & W Constr. Co.*, 177 Ga. App. 843, 844 (341 SE2d 321) (1986), choosing it or being approved for it instead of for the fixed rate applied for did not compel her to close the sale.

"The broker's commissions are earned when . . . he finds a purchaser who is ready, able, and willing to buy and who actually offers to buy on the terms stipulated by the owner." OCGA § 10-6-32; *Prestige Realty Co.*, supra at 843. In a suit for commissions the burden of showing all the requirements is on the broker. *Phinizy v. Bush*, 129 Ga. 479 (2) (59 SE 259) (1907). The sale need not actually occur if the parties entered into a binding and enforceable agreement. *Davis v. Holbrook*, 75 Ga. App. 417 (43 SE2d 791) (1947).

An agreement such as the instant one impliedly obligates the purchaser to make a diligent effort to bring about the desired financing contingency. *Brack v. Brownlee*, 246 Ga. 818 (273 SE2d 390) (1980). Each promisor must "use his best efforts to bring about the happening of the condition to his promise." *Jackson Elec. Membership Corp. v. Ga. Power Co.*, 257 Ga. 772, 774 (1) (364 SE2d 556) (1988). This implied duty must be exercised in good faith. *Fourteen West Realty v. Screws*, 147 Ga. App. 362 (248 SE2d 722) (1978).

The crucial issue is whether purchaser qualified for a fixed rate loan and made a reasonable effort to obtain one. This is what was demanded of her by the contract's unambiguous wording. Aside from the purchaser's testimony on deposition that she applied for a fixed rate loan and the evidence that she was approved for an adjustable rate loan, the record is silent on this question. There is nothing to show that she did not diligently pursue the application for a fixed rate loan or that she chose the option and agreed to close with an adjustable rate loan. The application in the record, from which the approved loan apparently ensued, does not describe the type of loan; it shows only the rate of 9.875 percent, the amount and period of the loan, and the monthly payments. The fact that purchaser received a

loan approval but not the one under which she would have been required to close the sale does not authorize the grant of summary judgment. *Griffith v. FDIC*, 242 Ga. 367, 369 (249 SE2d 54) (1978); *Nalley v. Harris*, 176 Ga. App. 553, 555 (2) (336 SE2d 822) (1985).

Harry Norman did not carry the burden of demonstrating that purchaser failed to make a reasonable attempt to obtain the loan she was obliged to seek under the contractual terms, or that she qualified for such, or that she agreed to close with the optional loan. The evidence does not require a finding that purchaser did not act diligently and in good faith in seeking to obtain a fixed loan. Plaintiff was not entitled to summary judgment on this issue. *Smithloff v. Benson*, 173 Ga. App. 870, 873 (328 SE2d 759) (1985); *Koets, Inc. v. Benveniste*, 169 Ga. App. 352, 354 (2) (312 SE2d 846) (1983) (affirmed *Benveniste v. Koets, Inc.*, 252 Ga. 520 (314 SE2d 912) (1984)); *Nalley*, supra at 556 (2).

2. Her second contention, that the contract closing date could be extended by either the sellers or the purchaser but not by both, is not meritorious. Either party could extend up to the expiration of the seven-day period. Purchaser's extension for part of the period did not deprive seller of the right to extend for the balance.

*Judgment reversed. Pope and Andrews, JJ., concur.*

DECIDED FEBRUARY 18, 1991.

*Michael N. Mantegna*, for appellant.
*McCalla, Raymer, Padrick, Cobb & Nichols, Carol V. Clark, R. Teresa Perrotta*, for appellee.