## A93A0242. GIALLANZA REALTY, INC. v. ROSEBUD PROPERTIES, INC. et al.
### (434 SE2d 130)

SMITH, Judge.

Giallanza Realty, Inc. (Broker) brought this action to recover real estate commissions, alleging both contractual and tort theories of liability. Named as defendants were Rosebud Properties, Inc. (RPI) and the Browns (Buyers). Service of process was never effected personally upon Don Hairston, Sr., the president and sole shareholder of RPI. The case was tried before the court without a jury and the broker appeals from a judgment entered in favor of all defendants.

1. The buyers were never contractually liable for any real estate commission and the record is devoid of evidence that they conspired to defraud Giallanza of any commission owed. See *Parrish v. Ragsdale Realty Co.*, 135 Ga. App. 491, 495 (6) (218 SE2d 164) (1975). The trial court correctly entered judgment in favor of the Browns.

2. Although the broker did enter into an agreement with RPI granting the broker the exclusive right to sell the subject property, it does not contend on appeal that its commission is owed pursuant to that listing agreement. Rather, the broker claims entitlement pursuant to a real estate sales contract entered into by the Browns as buyers and RPI as seller on August 3, 1990. Giallanza Realty, Inc. was expressly made a party to this agreement in order to enforce any entitlement to a commission against the seller. This sales agreement contained a financing contingency providing that "[t]his contract is made conditioned [sic] on buyer's ability to obtain a ___MAX___ [handwritten] loan, in the principal amount of $_____ [left blank]."

The same parties also entered into a lease/purchase agreement on August 3, 1990, incorporating by reference the sales agreement of August 3, 1990. Under the sales agreement, closing was to take place on or before July 31, 1991, that is, approximately one year from the beginning of the lease/purchase agreement. However, prior to these events, Hairston had caused RPI to transfer the property to another of his wholly-owned corporations, Temple Johnson Builders, Inc. (TJBI) for a nominal consideration.

After the Browns were unable to obtain conventional financing for their August 3, 1990, sales agreement, they then entered into a second sales agreement, to which Giallanza was not a party. In this sales agreement TJBI was named as the seller, the sales price was the same as under the first sales agreement which accorded the broker a commission, and the Browns obtained private financing through Hairston's wife.

The trial court entered judgment in favor of RPI, concluding that the "contract which [Giallanza] seeks to enforce . . . is too vague and indefinite" in that the above-referenced contingency clause is "not

specific."

Such a financing contingency is for the benefit and protection of the purchaser. *Carroll v. Harry Norman, Inc.*, 198 Ga. App. 614, 615 (1) (402 SE2d 357) (1991). Its provisions may be waived and such waiver would "not provide a basis for the vendor to renege on the real estate sales contract" to the detriment of the broker. *Prestige Realty Co. v. CM & W Constr. Co.*, 177 Ga. App. 843, 844 (341 SE2d 321) (1986). The trial court apparently concluded that the breadth of the finance options indicated a lack of that mutuality required for a binding contract. This is clearly erroneous. Under Georgia law the purchasers have an implied duty to exercise due diligence and good faith in seeking to have the financing contingency take place. Because of this implied duty, a contract for the sale of real property which is conditioned upon the purchaser's ability to obtain a loan is not unenforceable for lack of mutuality of obligation. *Brack v. Brownlee*, 246 Ga. 818, 819-820 (273 SE2d 390) (1980). Moreover, the broker does not seek specific performance of this financing contingency, but only claims a right to real estate sales commissions allegedly due after a sale of the specific lot named in the August 3, 1990 sales agreement was actually completed by the same buyers at the same sales price. The judgment in favor of RPI is based upon an erroneous legal theory and must be reversed. *Meyers v. Glover*, 152 Ga. App. 679, 683 (3) (263 SE2d 539) (1979).

3. As Don Hairston, Sr., was never personally served with process, despite leave of court to do so, there is nothing for this court to affirm or reverse. The judgment entered below does not reach him.

*Judgment affirmed in part and reversed in part. Blackburn, J., concurs. Johnson, J., concurs in the judgment only.*

DECIDED JULY 16, 1993.

*Charles P. Giallanza*, for appellant.
*Garner & Still, Dennis T. Still*, for appellees.