A92A1243. STEPHENS v. TROTTER.
(445 SE2d 359)

Judge Harold R. Banke.

The appellant, Brenda Stephens, commenced this action against the appellee, William Trotter, seeking specific performance of an alleged oral agreement to sell a house and damages for fraud. She subsequently amended her complaint to seek a declaration of the existence of an agreement obligating the appellee to convey the property

to her upon the occurrence of certain events. The trial court granted the appellee's motion for summary judgment, and this appeal followed.

In 1986, the appellant moved into a house owned by the appellee. It is disputed whether the appellant took possession pursuant to an oral agreement to purchase the property or pursuant to a lease arrangement.

In 1989, the appellee executed a document in which he agreed to convey the property to the appellant upon her payment of $233 per month, plus taxes and insurance, for 20 years beginning July 1, 1984. The document further provided that the appellant would repay a home improvement loan by making monthly payments of $164.50 for ten years; that the appellant was responsible for all home improvements; and that should the appellant die "during this agreement, said agreement will be honored with [her] heirs." The appellant claims that this document essentially memorialized their original agreement, and it is uncontroverted that the appellant has kept current with the payments specified in that document.

The appellee moved for summary judgment on the grounds that (1) the alleged oral agreement to convey real estate was unenforceable; (2) the document executed by the appellee was merely an offer; and (3) even if the document constituted an agreement, a condition precedent for his performance had not been satisfied. The trial court did not specify upon which basis the appellee was entitled to summary judgment.

Generally, an oral contract for the sale of real property is unenforceable. OCGA § 13-5-30 (4). However, partial payment of the purchase-money accompanied by possession of the property may remove an oral contract from the operation of that statute. *Smith v. Cox*, 247 Ga. 563, 564 (277 SE2d 512) (1981). The evidence in the instant case was sufficient to establish a factual issue regarding both the existence of an oral agreement for the sale of the property at the time the appellant took possession in 1986 and the extent of part performance by the appellant.

Nevertheless, even though the evidence was sufficient to avoid application of the Statute of Frauds, the appellant would not be entitled to a present conveyance of the property as she sought in her claim for specific performance. Total payment of the purchase price was a condition precedent for the appellee's performance in that regard, and total payment had not yet been made or tendered. See *Kirk v. First Ga. Investment Corp.*, 239 Ga. 171, 173-174 (236 SE2d 254) (1977). Similarly, the appellant cannot recover against the appellee for fraud.

However, inasmuch as the appellee has denied the existence of any agreement to sell the property and has asserted a control over the

property that is inconsistent with the appellant's claimed contractual rights, this case presented a proper matter for a declaration as to the existence and effect of such an agreement. OCGA § 9-4-2; see, e.g., *Gen. Hospitals of Humana v. Jenkins*, 188 Ga. App. 825 (1) (374 SE2d 739) (1988). Accordingly, the trial court erred in granting summary judgment for the appellee on the claim for declaratory relief.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 22, 1994.

*Robert W. Mitchum*, for appellant.
*Gary V. Bowman*, for appellee.