### A96A0260. BARNES v. WHATLEY.
(470 SE2d 498)

Judge Harold R. Banke.

We granted this discretionary appeal to determine the liability of an allegedly defaulting purchaser for payment of a real estate broker's commission. The trial court entered summary judgment, finding that James R. Barnes owed William T. Whatley, doing business as Whatley Realty, a real estate commission.

Viewed in a light most favorable to Barnes, the non-movant, the evidence was as follows. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The Peoples Bank ("Bank") owned approximately 66 acres which it offered for sale through an oral nonexclusive listing. Hoping to obtain a real estate sales commission, Whatley, a licensed attorney and licensed real estate broker, advertised the property for sale. Whatley showed the property on only one occasion to Barnes who on that same day wrote a deposit check for $5,500, ten percent of the listed purchase price. Although Barnes signed the check, it was Whatley who filled out all the information including denoting the payee as "Whatley Realty Trust Account," and making a notation on Barnes' check: "Earnest money on 66.21 acres." Whatley also created a receipt for the check as "Binder on 66.21 acres pending title clearance and 30 days to close." Whatley held Barnes' check and did not deposit it. The next day, Whatley drafted a real estate sales agreement dated June 26, 1993, and mailed it to the Bank. The Bank's vice

president signed the agreement on June 29, 1993, and mailed it back to Whatley. The sales contract expressly obligated the Bank to pay Whatley a real estate commission "when the sale is consummated." According to the sales contract, "This instrument shall be regarded as an offer by the Purchaser or Seller, who first signs, as to the other and is open for acceptance by the other until 4:00 p.m. on the 7th day of July, 1993."

It is undisputed that Barnes never signed the real estate sales contract and never accepted the Bank's offer by July 7, 1993. Rather, on July 1, 1993, Barnes stopped payment on his earnest money check and informed Whatley that he was withdrawing his offer to purchase the land. About six weeks later the Bank sold the land to another purchaser, and Whatley did not receive a commission on that sale. Whatley sued Barnes to recover $5,000, the amount of real estate commission to which he would have been entitled had the sale been effectuated. Whatley admitted that Barnes never agreed to pay him any fees or commissions and testified that he was the agent of the Bank. The trial court concluded that Whatley's claim arose from the services he performed on behalf of Barnes and found a complete contract between the Bank and Barnes. The court also determined that because Whatley procured a purchaser (Barnes) ready, willing and able to pay the price agreed upon by the owner (Bank), Barnes was obligated to pay the real estate commission. *Held*:

1. Because there was no contract, the trial court erred in finding that Barnes had to pay a real estate commission to Whatley.

To make the obligations of a contract for the sale of land binding on a promisor, OCGA § 13-5-30 (4) requires that the contract "must be in writing and signed by the party to be charged therewith or some person lawfully authorized by him." In this case, it is undisputed that Barnes did not sign a written contract.[1] According to the express terms of the sales agreement, drafted by Whatley, the instrument was merely an offer of sale which Barnes chose not to accept. Because Barnes never signed the sales agreement, he was not obligated to abide by its terms.

Every essential element of a contract for the sale of land must be expressed in writing. *Smith v. Wilkinson*, 208 Ga. 489, 493 (2) (67 SE2d 698) (1951); accord *Smith v. Cox*, 247 Ga. 563 (277 SE2d 512) (1981). In this case, several essential elements are lacking including the purchase price, terms of sale, and legal description of the property. In order for a contract for the sale of land to be valid, binding and enforceable, the description must describe the property to be sold

---

[1] The record below shows that the issue of the statute of frauds' writing requirement set forth in OCGA § 13-5-30 was sufficiently raised and discussed by the parties, even though on appeal, Barnes concentrates on subsection (2) rather than subsection (4).

with the same degree of certainty as that required in a deed conveying realty. *Smith v. Wilkinson,* 208 Ga. at 493 (2). The notations on the check and receipt combined with the miscellaneous items Whatley presented are not legally sufficient to constitute a valid property description or to create a binding and enforceable contract.

2. The trial court erred in finding there was an offer and acceptance between the parties for the purchase of the property which required Barnes to pay the broker's commission. Having determined in Division 1 that there was no contract between Barnes and the Bank, it follows that Barnes incurred no obligation therefrom for the broker's commission.

Whatley, nevertheless, asserts an entitlement to a broker's commission under OCGA § 10-6-32, which provides: "The broker's commissions are earned when, during the agency, he finds a purchaser who is ready, able, and willing to buy and who actually offers to buy on the terms stipulated by the owner." Id.

OCGA § 10-6-32 contemplates a mutually binding and enforceable sales contract. *Hawks v. Moore,* 27 Ga. App. 555, 556 (109 SE 807) (1921). Although the actual closing of a sale is not a condition precedent to a broker's right to a commission, securing a binding contract of sale is a prerequisite to recovery. *Northside Realty Assocs. v. MPI Corp.,* 245 Ga. 321, 322 (265 SE2d 11) (1980). "In a suit for commissions the burden of showing all the requirements is on the broker. *Phinizy v. Bush,* 129 Ga. 479 (2) (59 SE 259) (1907). The sale need not actually occur if the parties entered into a binding and enforceable agreement. [Cit.]" *Carroll v. Harry Norman, Inc.,* 198 Ga. App. 614, 615 (1) (402 SE2d 357) (1991). In this case, Whatley's failure to obtain a fully executed binding sales agreement is fatal to his claim for a commission pursuant to OCGA § 10-6-32. Compare *Mealor v. McNabb,* 83 Ga. App. 432 (63 SE2d 702) (1951) (defaulting purchaser obligated by express contract terms for broker's commission); and *Parr Realty Co. v. Carroll,* 131 Ga. App. 549, 550 (206 SE2d 550) (1974) (broker cannot make claim for services rendered where he failed to produce a valid and enforceable sales contract). Accordingly, we find as a matter of law, that Barnes had no obligation to pay a broker's commission to Whatley.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 4, 1996.

*Malcolm F. Bryant, Jr.,* for appellant.
*William T. Whatley,* pro se.